WILLIAM E. PARKS ET AL. *v.* PLANNING AND ZONING COMMISSION OF THE TOWN OF SOUTHINGTON ET AL.

COTTER, C. J., LOISELLE, BOGDANSKI, LONGO and PETERS, Js.

Argued June 13—decision released August 21, 1979

*David B. Beizer,* with whom, on the brief, was *Monica J. Lafferty,* for the appellant (defendant Mt. Southington Ski Area, Inc.).

*Joseph H. Thalberg,* for the appellees (plaintiffs).

PETERS, J. This is an appeal by the defendant, Mount Southington Ski Area, Inc. (Mount Southington), after a grant of certification by this court, from a judgment of the Court of Common Pleas sustaining the plaintiffs' appeal from a decision of the defendant Southington Planning and Zoning Commission (the commission). That decision amended the town zoning regulations to permit the sale of food and alcoholic beverages as an incidental and subordinate use in ski areas of a stipulated size. In its appeal, Mount Southington contends that the court acted beyond the scope of review permissible for reviewing decisions of municipal legislative bodies and that the court erred in finding only one possible reason for the commission's decision.

Mount Southington applied to the defendant commission on March 24, 1975, for an amendment to the town zoning regulations to permit as a special exception in certain residential zones "[t]he sale of food and alcoholic beverages . . . when part of a bona fide ski area consisting of no less than 100 acres . . . provided that said use is clearly incidental and subordinate to the principal use and located within a principal building." Previously existing regulations

already permitted such a use as part of a bona fide golf course of nine or more holes. Mount Southington was and is the only ski area that would benefit by the amendment.

The commission on May 6, 1975, held a public hearing on Mount Southington's application, and subsequently approved it by a vote of four to two at an executive meeting of the commission on May 20, 1975. Although the commission as a collective body gave no formal statement of the reasons for its decision, the minutes of the May 20 meeting contain summarized statements by individual commissioners and by the town planner indicating various viewpoints and concerns about the amendment. The plaintiffs, ninety-four residents of the town of Southington, appealed to the Court of Common Pleas from the commission's decision, alleging that it had acted illegally, arbitrarily, unreasonably, and in abuse of its discretion in granting Mount Southington's application. Specifically, the plaintiffs maintained that no valid reasons for the amendment had been given, and that the amendment did not serve the public interest but was rather for the sole benefit of Mount Southington.[1]

The court heard the appeal on the record of proceedings before the commission, and concluded that the record did not support the decision to amend the regulations. The court found that no reason for the amendment had been given in the commission's

[1] The plaintiffs' appeal purported to allege eighteen separate grounds for their claim that the commission had acted improperly. The two claims concerning lack of opportunity for cross-examination at the public hearing were rejected by the trial court and are not in issue in this appeal. The remaining sixteen claims are all variations of the issue, discussed extensively in this appeal, concerning the validity of reasons to support the commission's decision.

decision, and that the only reason relevant to the amendment given by any commission member was that Mount Southington could not compete well with other ski areas without a liquor permit. Finding that reason insufficient to support the commission's action, the court sustained the plaintiffs' appeal. In its appeal to this court, Mount Southington contends that the court abused its discretion by acting beyond the scope authorized for judicial review of decisions of local legislative bodies, since the record as a whole sufficiently contains reasons validly supporting the commission's decision. We agree.

At the outset, it bears emphasis that a local zoning authority, in enacting or amending its regulations, acts in a *legislative* rather than an administrative capacity. *A.P. & W. Holding Corporation* v. *Planning & Zoning Board,* 167 Conn. 182, 184, 355 A.2d 91 (1974); *Morningside Assn.* v. *Planning & Zoning Board,* 162 Conn. 154, 158–59, 292 A.2d 893 (1972); *Damick* v. *Planning & Zoning Commission,* 158 Conn. 78, 81, 256 A.2d 428 (1969); *Malafronte* v. *Planning & Zoning Board,* 155 Conn. 205, 208, 230 A.2d 606 (1967). Acting in such legislative capacity, the local board is free to amend its regulations "whenever time, experience, and responsible planning for contemporary or future conditions reasonably indicate the need for a change. . . . The discretion of a legislative body, because of its constituted role as formulator of public policy, is much broader that that of an administrative board, which serves a quasi-judicial function." *Malafronte* v. *Planning & Zoning Board,* supra, 209. The board is "not bound by the general rule which would prohibit it from reversing an earlier decision without evidence of a change in conditions." *Morningside Assn.* v. *Planning & Zoning Board,* supra, 158.

The broad discretion of local zoning authorities acting in their legislative capacity is not, however, unlimited. *Damick* v. *Planning & Zoning Commission,* supra, 83. We have long recognized that any change "must be in harmony with and in conformity to a comprehensive plan as mandated by General Statutes § 8-2." *Jablon* v. *Town Planning & Zoning Commission,* 157 Conn. 434, 438, 254 A.2d 914 (1969). As Southington has not adopted a master plan, the comprehensive plan is to be found in the zoning regulations themselves and in the zoning map, all of which are part of the record before us. *Damick* v. *Planning & Zoning Commission,* supra, 81. See *Pierrepont* v. *Zoning Commission,* 154 Conn. 463, 466, 226 A.2d 659 (1967).

In the review of matters that lie within the discretion of local zoning authorities, each case must be considered individually on its own facts and circumstances. *Jablon* v. *Town Planning & Zoning Commission,* supra, 439. Because the general purposes of zoning in Southington are similar to those set forth in General Statutes § 8-2;[2] *Damick* v. *Planning & Zoning Commission,* supra, 81; we must determine if the amendment in question could reasonably fall within the provisions of that statute. The com-

---

[2] "[General Statutes] Sec. 8-2. REGULATIONS. . . . Such regulations shall be made in accordance with a comprehensive plan and shall be designed to lessen congestion in the streets; to secure safety from fire, panic, flood and other dangers; to promote health and the general welfare; to provide adequate light and air; to prevent the overcrowding of land; to avoid undue concentration of population and to facilitate the adequate provision for transportation, water, sewerage, schools, parks and other public requirements. Such regulations shall be made with reasonable consideration as to the character of the district and its peculiar suitability for particular uses and with a view to conserving the value of buildings and encouraging the most appropriate use of land throughout such municipality. . . ."

mission's failure to state on the record the reasons for its actions, in disregard of General Statutes § 8-3, renders appellate review more cumbersome, in that the trial court must search the entire record to find a basis for the commission's decision; we, in turn, review the action of the trial court. *A.P. & W. Holding Corporation* v. *Planning & Zoning Board,* supra, 186–87; *Morningside Assn.* v. *Planning & Zoning Board,* supra, 156.

The record of the commission consists of " 'the original or a certified copy of the petition or application . . . its minutes of the proceedings . . . and of its executive action taken thereon, a transcript of the proceedings if a . . . record was made, all exhibits considered by it, and . . . a copy of the relevant and material zoning regulations.' *Cohen* v. *Board of Appeals on Zoning,* 139 Conn. 450, 453–54, 94 A.2d 793." *Lathrop* v. *Planning & Zoning Commission,* 164 Conn. 215, 219, 319 A.2d 376 (1973).

Upon review of the record before us, it is clear that the commission could have granted Mount Southington's petition for one or more of several reasons. Although one of the commission's reasons may have been to enable Mount Southington to compete more successfully with other ski areas, in itself an unacceptable justification, as the trial court concluded, the commission cannot be said to have acted unreasonably or arbitrarily merely because the petitioner receives an incidental benefit, so long as the change in addition benefits the community as a whole. *Morningside Assn.* v. *Planning & Zoning Board,* supra, 162; *Malafronte* v. *Planning & Zoning Board,* supra, 211. If *any* reason culled from the record demonstrates a real or reasonable relation-

ship to the general welfare of the community, the decision of the commission must be upheld. *DeForest & Hotchkiss Co.* v. *Planning & Zoning Commission*, 152 Conn. 262, 266, 205 A.2d 774 (1964). Only "in those rare instances where the zoning amendment is patently arbitrary"; *Malafronte* v. *Planning & Zoning Board*, supra, 209; will the commission's decision be overturned as an abuse of discretion. This is not such a case. From the record, there was evidence that the amendment was desirable insofar as it (1) ensured the retention of open space that might otherwise be utilized for more intensive residential developments; (2) maintained a needed recreation area; and (3) provided increased employment. Such reasons are not incompatible with the statutory direction contained in General Statutes § 8-2 that zoning regulations "promote health and the general welfare; . . . prevent the overcrowding of land; [and] . . . avoid undue concentration of population."

The authority and responsibility for deciding such matters of local concern as the reasonable expansion of zoning regulations to meet local needs properly rests with the town's zoning commission, and unless exercised irrationally or irresponsibly, is not subject to judicial interference. *Jablon* v. *Town Planning & Zoning Commission,* supra, 443. "It is clear that the legislature intended, subject to certain underlying principles, that finding solutions to zoning questions should be left to the local authority. . . . The board having reasonably exercised its honest judgment after a full hearing, the court should have been cautious before disturbing the board's decision." *Morningside Assn.* v. *Planning & Zoning Board,* supra, 163.

There is error, the judgment is set aside and the case is remanded with direction to dismiss the appeal.

In this opinion the other judges concurred.