[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I. NATURE OF THE PROCEEDINGS
This is an appeal by the plaintiff, Francis Wihbey, against two defendants — the Zoning Board of Appeals and the City of Waterbury (the "Board") and Joseph Damelio, Jr. ("Damelio"). The Board made its final decision on March 19, 1990. Copies of the appeal were served on the defendants on April 2, 1990, and the appeal was filed on April 6, 1990. A hearing was held in this court on December 18, 1990. For the reasons stated below, the appeal is dismissed.
II. FACTS OF THE CASE
This case arises from a decision of the Board granting Damelio a change of nonconforming use for property located at 216 Frost Road in Waterbury. The decision was made pursuant to Waterbury Zoning Ordinance Sec. 6.3, which provides in relevant part, that, "A nonconforming use may be changed to another nonconforming use in the same zoning district providing that the new use will have a lesser impact upon the surrounding area than the old one and subject to the granting of a special exception by the Zoning Board of Appeals."
The property in question is zoned "RL," or "Low Density Residence District." Waterbury Zoning Ordinance Section 1.2. On February 6, 1990, Damelio filed an application with the Board requesting "a change of nonconforming use from a Photo Shop to a Take-out Deli Pizza Rest." The application was accompanied by a map of the area in question. A public hearing was held on the application of February 20, 1990. The full transcript of the hearing — as it related to the Damelio application — is as follows:
 Joseph Damelio addressed the Board on behalf of this petition with the following comments:
 DAMELIO. I'm asking permission to run a deli in this building. I want to run a take out deli and pizzeria. CT Page 10
 CAIAZZO. So there will be nobody really staying in there — they will just be coming in and taking out.
DAMELIO. That's right.
MANNELLO. Where's the parking?
 DAMELIO. In the back of the building, sir.
 MANNELLO. Is that just your parking or is it parking for the other. . . ?
 DAMELIO. The bar is allowed four spots; the rest of the parking is for us.
 REYNOLDS. This is just take out pizza?
DAMELIO. Basically take out deli.
 REYNOLDS. Will people be able to sit down in the restaurant to eat at all?
DAMELIO. Absolutely not.
 PAOLINO. This will be just sandwiches — it won't be a grocery store?
 DAMELIO. No, not at all. A full scale deli is what we're looking at.
 MANNELLO. There won't be any tables or anything?
DAMELIO. None at all.
 MANNELLO. Approximately now (sic) many parking places do you have in the back there?
 DAMELIO. There are approximately 15 parking spots. minus the 4 for the bar — that gives us 10 or 11 spots.
 There were no further speakers to speak in favor or against this petition.
(2/20/90 T. at 8-9) CT Page 11
The Board deliberated and voted on the application at a regular meeting held on March 19, 1990. The full transcript of this meeting — as it related to the Damelio application — is as follows:
 On motion of Commissioner Lomando, duly seconded, it was voted unanimously to grant the petition of Joseph Damelio, Jr., requesting, under Article 6.3, a change of non-conforming use from a photo shop to a take out deli and pizza restaurant for property located at 216 Frost Road, an R.L. zone.
 LOMANDO. I went up and took a look at it and he's got the parking lot in the back, so he would meet the requirements for the parking.
PAOLINO. Again, this is a take out . . .
CAIAZZO. Strictly take out — no tables.
 PAOLINO. That's what's specified in this application — for take out. Supposedly this is supposed to be take out stuff. . .
 LOMANDO. It meets the parking requirements — that was my question.
(3/19/90 T. at 8).
The plaintiff established at the hearing in this court that he owns land within one hundred feet of the property in question.
III. AGGRIEVEMENT
Conn. Gen. Stat. Sec. 8-8 (a) provides that "any person owning land which . . . is within a radius of one hundred feet of any portion of the land involved in [the] decision" may take an appeal from that decision to the Superior Court. Because the plaintiff owns land within one hundred feet of the land involved in this case, he is thus statutorily entitled to appeal. See generally Caltabiano v. Planning and Zoning Commission, 211 Conn. 662,560 A.2d 975 (1989).
IV. DISCUSSION
The Board has the statutory power "to hear and decide all CT Page 12 matters including special exceptions . . . upon which it is required to pass by the specific terms of the zoning . . . ordinance." Conn. Gen. Stat. Sec. 8-6 (2). See Lunt v. Zoning Board of Appeals,150 Conn. 532, 537, 191 A.2d 44 (1963). Waterbury Zoning Ordinance Sec. 6.3 allows the Board to grant a special exception to change one nonconforming use to another "providing that the new use will have a lesser impact upon the surrounding area than the old one." Although Conn. Gen. Stat. Sec. 8-3c(b) on its face provides that "[w]henever a commission grants or denies a . . . special exception, it shall state upon its records the reason for its decision," clear Supreme Court precedent "requires the trial court on appeals from planning and zoning authorities, to search the record to determine the basis for decisions made by those authorities." Gagnon v. Inland Wetlands and Watercourses Commission, 213 Conn. 604,607-08, 569 A.2d 1094 (1990). "If any reason culled from the record demonstrates a real or reasonable relationship to the general welfare of the community, the decision of the commission must be upheld." Parks v. Planning and Zoning Commission,178 Conn. 657, 662-63, 425 A.2d 100 (1979). Although the plaintiff argues that Ordinance Sec. 6.3 requires an articulation, this argument does not survive scrutiny. Unlike the statutes just referred to, the ordinance does not facially require a statement of reasons; it merely sets a standard for the decision maker to follow. The court concludes that it is obligated to search the record here.
Despite the liberal decision enjoyed by the Board in its decision making process, this is something of a close case because of the rather sparse nature of the record. Nevertheless, the court concludes that the Board did not abuse its discretion here. The record shows that the Board authorized a change of nonconforming use from a photo shop to a take out deli. In doing so, it had before it Damelio's testimony as to parking and the use of the deli; a map of the area supplied by Damelio[1]; and a personal inspection of the premises by Commissioner Lomando. In addition, the Board was plainly entitled to rely on its more general experience concerning the neighborhood and the types of businesses — photo shops and take out delis — in question. From this the court concludes that the Board could reasonably decide that the new take out deli would have a lesser impact upon the surrounding area than the old photo shop. As Damelio's counsel pointed out in oral argument before this court, a photo shop is likely to draw its customers from a wider area than a take out deli, and a deli is likely to rely somewhat more on walk-in business. Of course, as the plaintiff points out in his brief, a deli might possibly do more evening and weekend business, but this is all grist for the Board's mill. "The facts of this case show that the matter was one peculiarly within the knowledge of the local board." Stern v. Zoning Board of Appeals, 140 Conn. 241
245, 99 A.2d 130 (1953) (approving a change of nonconforming use CT Page 13 from a motor vehicle garage to a supermarket). The Board acted within its discretion here.[2]
The appeal is dismissed.
Dated at Waterbury this 31st day of December, 1990.
JON C. BLUE, J. JUDGE OF THE SUPERIOR COURT