[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The named plaintiff brought this appeal from the denial of its application for a change in zoning classification of an 8.79 acre parcel of land from Residence AA to Planned CT Page 1980 Residential Development (PRD) and for approval of its general plan of development.
The court heard testimony at the time of the hearing from the president of the corporation, Joseph L. Swensson, Jr., that the property had been conveyed by quit claim deed on May 24, 1985, to his wife, Barbara L. Swensson. The court granted her motion to be substituted as the plaintiff in this action and finds her to be an aggrieved party for the purpose of this appeal.
The defendant Commission conducted a public hearing on April 4, 1983, to consider the application for the change of zone and the general plan of development at which the developer's attorney offered evidence and the testimony of a number of witnesses, including a land surveyor, a real estate appraiser, a professional engineer who gave his opinion about the drainage of the property, and a traffic engineer. The abutting owners who opposed the application expressed their concerns about drainage problems and traffic hazards and congestion that would result, and their attorney cross-examined the applicant is witnesses and offered into evidence (Exhibit 27) a written report from a real estate appraiser, Robert G. Stewart, who had testified for the abutting property owners when they opposed a similar application which was denied by the Commission after a hearing held on March 22, 1982 (Exhibit 29).
On May 18, 1983, the Commission reviewed and discussed the information received at the hearing concerning the impact of the proposed plan on traffic and on the "existing residential single family neighborhood character" (Exhibit 30) of the area and the effect it would have on property values. The application was unanimously denied by the Commission for the following reasons:
 1. The proposed development is not suitable for the site or appropriate for the land;
 2. the use is not compatible with the general development of the area and will change the character of the neighborhood; and
 3. the proposed development will increase traffic and aggravate a traffic hazard.
The issues raised by plaintiff's counsel in his brief (p. 3) are, first, that the reasons stated were not supported CT Page 1981 by the evidence, second, that the defendant applied "standards and requirements that are not applied to all similar applications thereby denying the plaintiff due process of law", and, third, that by denying the application the Commission acted illegally, arbitrarily, and in abuse of its discretion.
Where a zoning authority has made known on the record the reasons for its action, the reviewing court's function is "only to determine whether the assigned grounds are reasonably supported by the record and whether they are pertinent to the considerations which the authority was required to apply under the zoning regulations." First Hartford Realty Corp. v. Planning Zoning Commission, 165 Conn. 533 at 543. The action of the Commission must be sustained if even one of the stated reasons is sufficient to support it. Goldberg v. Zoning Commission 173 Conn. 23, 26.
The court exceeds the scope of judicial review where it weighs the evidence in the record and determines the issues of fact, because it thereby improperly substitutes its judgment for that of the Commission. Calandro v. Zoning Commission,176 Conn. 439, 441. The credibility of the witnesses is within the sole province of the Commission and its conclusions upon the evidence must be upheld by the court if they are reasonably supported by the record without regard to whether the court would have reached the same conclusions. Primerica v. Planning Zoning Commission, 211 Conn. 85, 96.
When the Commission considers an application for a change of zone it exercises a legislative function in which it must balance the preservation of the status quo with the reasonable pressures for change due to the growth in population and the needs of the community. Jablon v. Town Planning 
Zoning Commission, 157 Conn. 434, 443. "The authority and responsibility for deciding such matters of local concern as the reasonable expansion of zoning regulations to meet local needs properly rests with the town's zoning commission, and unless exercised irrationally or irresponsibly, is not subject to judicial interference." Parks v. Planning Zoning Commission,178 Conn. 657 at 663.
The considerations which the zoning commission in this case was required to apply under Sec. 7. 01. 02 of the Zoning Regulations of the town of Manchester in deciding whether to establish a PRD zone were "conserving the value of buildings and land, encouraging the most appropriate use of land, and with reasonable consideration as to the character of the neighborhood."
It should be noted that the issues raised in this appeal CT Page 1982 are virtually identical with the legal claims made in a prior appeal which was taken to this court. Joseph L. Swensson, Jr., Inc. v. Manchester Planning Zoning Commission, No. 270946, Hartford-New Britain J.D. The principal distinction between the two applications is that the first one proposed sixty units while the application in this case calls for only thirty-two units.
The court (L. Dorsey, J.) in Swensson I noted in its Memorandum of Decision (p. 9) dated August 16, 1985, that the Commission apparently gave greater weight to the testimony of the abutting owners' expert, Mr. Stewart, than it did to the opinions of the plaintiff's experts and the town's chief of police, planning director and fire marshal. In this case as well, the Commission apparently gave greater weight to Stewart's 13 opinions on the questions of property values, use of land and the character of the neighborhood.
In his written report to the Commission (Exhibit 27) he noted that the neighborhood consists almost entirely of single family homes and that "[t]he introduction of these multiple dwellings, which are proposed to be sold for $60,000, would create locational obsolescence" because of their lower value and because the proposed use would be "inconsistent with the present predominant use of the neighborhood, single family homes on individual single family lots (p. 4). He also noted that the most appropriate use of the land was established by the Commission when it approved a 14 lot subdivision for single family homes proposed by Swensson in 1979 and that it was his opinion that Swensson's present proposal did not meet any of the criteria stated in the PRD regulations. A board of agency may determine the weight it will give to expert testimony including that of its own technical staff and need not use the information presented at the hearing in any particular fashion. Huck v. Inland Wetlands Water courses Agency, 203 Conn. 525, 538, 542. Moreover, the board is not bound to advise applicants as to how their plans should be changed, nor is it required to grant an application conditioned on making certain changes or modifications. Piccolo v. West Haven, 120 Conn. 449, 454.
The plaintiff's second claim is that the Commission had considered eight other applications for a PRD zone change, including one on an abutting parcel, and approved them "in its entirety or with some modifications, either in number of units or in some other aspect of the general plan of development." It may again be noted that the same claim was made in Swensson I but was rejected on the ground that "[e]ach application must be considered on its own merits." Memorandum of Decision, p. 11. CT Page 1983
Planned zoning is not supposed to inject into a neighborhood a use which would otherwise not be allowed nor should the board be required to give automatic approval to such a proposal because any such requirement would usurp the discretionary function of the board. Ford Leasing Development Co. v. Board of County Commissioners, 528 P.2d 237, 240 (Colo. 1974). The fact that a PRD of another developer in the area had been approved is not relevant to the question of whether the board acted arbitrarily when it denied the plaintiff's development and the only issue before the court is whether some rational basis existed for the board as action. Town of Schererville v. Vavrus, 389 N.E.2d 346, 351 (Ind.App. 1979).
This court, as did the court in Swensson I (Memorandum of Decision, p. 12), finds that the reasons stated by the Commission in denying the application are all amply supported in the evidence before the Commission, and further finds that the plaintiff has failed in her burden of establishing that the defendant abused its discretion by acting illegally or arbitrarily in denying the application.
For the foregoing reasons, the plaintiff's appeal is dismissed.
HARRY HAMMER JUDGE, SUPERIOR COURT