[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from a decision of the Canton Zoning Board of Appeals ("Board") denying the plaintiffs' application for a variance from Canton Zoning Regulation 9.31.
I. ISSUES
A. Whether the Board acted illegally, arbitrarily or in abuse of its discretion in denying plaintiffs' applications.
B. Whether plaintiffs are aggrieved by the decision of the Board.
II. STATUTORY AUTHORITY
The Board, acting pursuant to Conn. Gen. Stat. Sec. 8-6
(rev'd to 1989) and Section 71.2.3 of its own regulations, denied the plaintiffs' applications for a variance. The plaintiffs state in their brief that this appeal is brought pursuant to Conn. Gen. Stat. Sec. 8-8 (rev'd to 1989).
III. OPERATIVE FACTS
Plaintiff Peter Kores purchased lots 30, 31 and 32 on Trailsend Drive in December 1986. In 1987 lot 32 was sold to Andrew Kovtun; this lot is not the subject of this appeal.
In April 1988 Kores conveyed lot 30 to plaintiff Diane Beaulieu. On August 20, 1988 plaintiff Kores filed an application with the Canton Zoning Board of Appeals for a variance of the slope requirements of Article I, Section 9, Paragraph 9.31 of the Zoning Regulations of the Town of Canton ("Regulations") in connection with lot 31 (a/k/a lot 102) located on Trailsend Drive in Canton. Plaintiff Beaulieu filed an identical application on August 20, 1988 in connection with lot 30 (a/k/a lot 30) Trailsend Drive. The Board met on September 12, 1988, and voted unanimously to deny plaintiffs' application.
By letter dated September 19, 1988 plaintiffs were informed of the Board's decision. The stated reasons for the CT Page 2243 denial are that (a) the variance on the degree of slope and lot area size is too large, and (b) the applicant had the opportunity to create more conforming lots at the time of purchase.
Regulation 10.5.2 provides as follows:
 In the event the ownership of a parcel of land which fails to meet the area, shape or frontage requirements applicable to the zone in which the parcel is situated shares common ownership with an abutting parcel of land, then the parcels shall be combined to the extent necessary for both parcels to conform with the zoning requirements as to area, shape and frontage or to the extent that the parcels, if combined would more nearly conform to the area, shape or frontage requirements before any variance is sought thereon. The provisions of this paragraph shall not apply if Section 8-26a of the Connecticut General Statutes is applicable.
Regulation 9.31 provides as follows:
 In determining compliance with minimum lot area and shape requirements of these Regulations . . . land with a 30% or greater slope shall not be used for compliance with more than 25% of the minimum lot area requirement.
Lot 30 (Beaulieu) had 60% of the lot exceeding 30 degree slope and Lot 31 (Kores) had 65% of the lot area exceeding the 30 degree slope requirement.
IV. AGGRIEVEMENT
Petitioner's Exhibits A-1, A-2, A-3, A-4 and B plus the testimony of petitioner Kores proved ownership of the subject properties to be in both petitioners and therefore aggrievement is proven. Smith v. Planning and Zoning Board,203 Conn. 317 (1981).
V. NOTICE AND SERVICE
There was no question or objection as to Notice or Service so this Court finds both to have been satisfied.
VI. PARTIES' ARGUMENTS
1. Plaintiffs argue that they made the required showing for a variance to the Board, and that the denial of their CT Page 2244 application was based on inadequate and improper reasons, and effected a taking of their property without just compensation. Plaintiffs argue that they established hardship in that (1) the property is a recorded building lot and is affected differently from other properties in the district by the enforcement of regulation 9.31; (2) that the other lots are already built upon, while enforcement of the regulation prevents them from building on their lots; (3) that regulation 10.5.2 which requires combining adjoining lots should not apply because at the time the applications for a variance were made, the lots were not under common ownership; and (4) that the hardship arises from circumstances and conditions beyond the control of the plaintiffs in that the plaintiffs purchased the property in reliance on the lots' separate assessments and taxation.
Plaintiffs argue that the variance they proposed is in harmony with the general purpose and intent of the zoning regulations because (1) the lots are generally the same size and slope as others in the subdivision; (2) the other lots in the subdivision are already built upon and harmonious with the proposed density and location; and (3) the lots in question were listed and taxed as separate lots and are designated as AR-2 residential.
Plaintiffs finally argue that because they are unable to build on their lots, the lots have lost all their value, and therefore the denial of the variance effected a "taking" of the property.
2. Defendants argue that plaintiffs failed to present evidence at the hearing which would support the granting of a variance. First, they argue that the alleged hardships were self imposed, not caused by enforcement of the regulations, in that plaintiff Kores knew of the regulations and failed to combine his lots to make them conform. Next, they argue that plaintiffs' claim of "taking" is misplaced because the plaintiffs could still combine their lots in order to build upon them. Next, defendants argue that plaintiffs' argument that they are being treated differently than other lot owners in the subdivision is without merit because the other lots were developed prior to the enactment of the regulation in question. Finally, defendants argue that the Board's decision is finally supported by the record.
VII. SCOPE OF REVIEW
A trial court is not at liberty to substitute its judgment for that of the administrative tribunal. Frito-Lay, Inc. v. Planning Zoning Commission, 206 Conn. 554, 572-73
CT Page 2245 (1988); Parks v. Planning and Zoning Commission, 178 Conn. 657,663 (1979). The court is only to determine whether the agency has acted illegally, arbitrarily, or in abuse of its discretion. Frito-Lay , Inc., 206 Conn. at 573; Raybestos-Manhattan, Inc. v. Planning and Zoning Commission,186 Conn. 466, 470 (1982). The court is simply to determine whether the record reasonably supports the conclusions reached by the agency. Burnham v. Planning and Zoning Commission, 189 Conn. 261, 265 (1983); Stankiewicz v. Zoning Board of Appeals, 15 Conn. App. 729, 737 1988). The trial court must review the record to determine whether the Board has acted upon valid reasons, Whittaker v. Zoning Board of Appeals, 179 Conn. 650, 654 (1982), that are reasonably related to the general welfare of the public. Parks v. Planning Zoning Commission, 178 Conn. 657, 663 (1979).
The burden of proof is upon the plaintiff to demonstrate that the Board acted improperly. Adolphson v. Zoning Board of Appeals, 205 Conn. 703, 707 (1988).
Even though the board may have the power to grant a variance, the board is not obligated to do so. The conditions for granting a variance must still be met and the board may still deny the application if those conditions are not satisfied. The court may only overturn the board's denial if it finds the board acted illegally, arbitrarily or in abuse of its discretion. Torsiello v. Zoning Board of Appeals, 3 Conn. App. 47, 50 (1984). Stankiewicz v. Zoning Board of Appeals, 15 Conn. App. 729, 737 (1988).
If one of the reasons provided by the board is sufficient to support the denial, the board's decision must be upheld. Green v. Zoning Board of Appeals, 4 Conn. App. 500,502 (1985); and Torsiello , supra. at 49.
VIII. FINDINGS
Plaintiffs failed to support their claims of hardship because the alleged hardships were self-imposed and brought about by the voluntary acts of plaintiffs themselves rather than by operation of the Regulations. When Lots 30, 31, and 32 were under the common ownership of plaintiff Peter C. Kores, Paragraph 10.5.2. of the Regulations required combination of the lots in order to conform to the area requirements prior to development. The subsequent conveyance of Lot 30 to plaintiff Diane M. Beaulieu violated the letter and spirit of the Regulations.
Residents of Upper Trailsend Drive who were concerned about potential water supply and drainage problems resulting CT Page 2246 from development of plaintiffs' lots communicated their concerns to plaintiff Kores prior to his purchase of the subject lots in December of 1986. Since that time, the concerned neighbors urged that construction be limited to two rather than three residences in order to comply with the Zoning Regulations. In order to prevent purchase of the subject land by an unsuspecting buyer unaware of their concerns, the neighbors informed a representative of the broker with whom the land was listed of their concerns in February of 1987 and were told that these concerns would be made known. The concerned neighbors also voiced their concerns at the public hearings on plaintiffs' applications. (Item D of Record; Item 1 of Record at 9-15; Item M of Record at 4-7).
Both plaintiffs are charged with knowledge, express or implied, of the applicable Regulations and they should not be allowed to circumvent the Regulations by means of a variance. The Board was thus without power to grant the requested variances and its denial of the applications was the only appropriate decision. See Adolphson, 205 Conn. at 712; Whittaker, 179 Conn. at 658; MR Enterprises, Inc.,155 Conn. at 282; Clapp v. Zoning Board of Appeals, 29 Conn. Sup. 4,6, 268 A.2d 919 (Super.Ct. 1970).[1]
Plaintiffs claim that the Board's denial of their applications for variance has resulted in a taking without compensation is without merit. A fundamental flaw in their reasoning is the fact that the hardship of which they complain was self-imposed and caused by the voluntary conveyance of Lot 30 by plaintiff Kores to plaintiff Beaulieu without combining the lots as required by Paragraph 10.5.2 Moreover, plaintiffs' claim that the only use to be made of their lots is as a garden is misplaced because it is still within their power to combine the lots in order to proceed with development. Therefore, there has been no taking.
Plaintiffs' claim that they have been treated differently than the owners of similarly sized and sloped lots in the area is likewise devoid of merit. There is no evidence in the record that other lots in the area were the subject of variance applications. Rather, it appears that the other lots, unlike plaintiffs' lots, were developed prior to the enactment of the Regulations or were conveyed out and held as separate lots by separate individuals at the time of the enactment of the Regulations and at the time of development and not subject to Paragraph 10.5.2
IX. CONCLUSION CT Page 2247
In short, the record fully supports the Board's denial of plaintiffs' applications. The evidence shows that each of the lots falls far short of complying with Paragraph 9.31 of the Regulations. Moreover, the history of the lots shows that plaintiff Peter C. Kores held two nonconforming lots in common ownership at the time he conveyed Lot 30 to plaintiff Diane Beaulieu. That conveyance was not in keeping with Paragraph 10.5.2 of the Regulations which required combination of the lots prior to development in order to more closely comply with Paragraph 9.31. Thus, the hardship which is now claimed by plaintiffs was self-imposed and is not the proper subject of a variance.
For the foregoing reasons, the plaintiffs' appeal is dismissed.
DUNN J.