[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action is an appeal from a decision of the Plainville Planning and Zoning Commission denying a change of zone from R-40 to a Quarry Industrial (QI) zone. The subject property is located on North Mountain Road and Loon Lake Road in Plainville, Connecticut. On June 8, 1992, the plaintiff October Twenty-Four, Inc. filed a Request to rezone this property a QI zone. On September 8, 1992, a duly noticed public hearing was held on this matter. The defendant commission then issued a denial of the zone change request.
The commission acted under the authority granted to it by Connecticut General Statutes 8-3. The plaintiff appeals pursuant to General Statutes 8-8(b). As the owner of the property that was the subject of the commission's decision, the plaintiff is aggrieved. Bossert Corp. v. Norwalk, 157 Conn. 279, 285 (1968). Local zoning authorities act in a legislative rather than an administrative capacity when enacting or changing zoning regulations. Parks v. Planning and Zoning Commission, 178 Conn. 657, 660
(1979). When deciding whether to change a zoning regulation, a commission has broad discretion provided it acts "in harmony with and in conformity to a comprehensive plan as mandated by General Statutes 8-2." Id. at 660-61. A trial court is not permitted CT Page 8928 to substitute its own judgment for that of a local commission which is acting within its legislative powers. Frito-Lay, Inc. v. Planning and Zoning Commission, 206 Conn. 554, 572-73
(1988). The court may only determine whether the record reasonably supports the conclusions reached by the commission. Burnham v. Planning and Zoning Commission, 189 Conn. 261, 265
(1983). The court may grant relief on appeal only where the local zoning authority has acted illegally, arbitrarily, or in abuse of its discretion. Frito-Lay, Inc., 206 Conn. at 573. The burden of proof to demonstrate that the board acted improperly is upon the plaintiff. Adolphson v. Zoning Board of Appeals, 205 Conn. 703, 707
(1988).
The plaintiff claims that the failure of the proposed zone change to comply with the plan of development was not a sufficient reason for denial of the zone change even though this reason was cited by the commission in its denial. However, "while the plan of development is merely advisory to and does not bind the zoning commission, the commission may properly deny a zone change for inconsistency with the plan of development." Fuller, Land Use Law and Practice, 4.4, p. 49; See also Hall v. Planning and Zoning Board, 153 Conn. 574, 576 (1966); Zygmont v. Planning and Zoning Commission, 152 Conn. 550, 553 (1965); Conn. Gen. Stats. 8-2; 8-3a. Therefore, inconsistency with the plan of development is a sufficient reason for denial of a zone change request.
The plaintiff also claims that the commission improperly concerned itself with the ownership of the property and a desire to avoid entanglement in legal matters between the affected parties and a business competitor. However, the available evidence shows that the commission sought to decide the issue strictly on lack of compliance with the plan of development thereby avoiding the problem of involvement in ongoing litigation between business competitors.
The plaintiff next contends that the zone change should have been granted because the change was suitable for the property and the commission failed to consider the criteria of General Statutes 8-3 which states that the commission must consider the character of the district and its particular suitability for certain uses. The evidence shows, however, that the commission did consider the suitability of the property and character of the district. The evidence demonstrates that the office park use recommended in the plan of development was more appropriate than CT Page 8929 the proposed QI zone in that the office park use would result in increased employment and greater tax revenues. Moreover, the trial court is not permitted to substitute its judgment for that of the commission which enjoys broad discretion when acting in its legislative capacity. Frito-Lay Inc., 206 Conn. at 572-73.
Lastly, the plaintiff claims that the previous quarrying allowed on the site and the nearby QI zone support a zone change. However, the broad discretion of the commission permits it to deny a zone change request even though such circumstances surround the zone change request. See, Id.
For the reasons stated, this appeal is dismissed.
Langenbach, J.