[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I.
The plaintiff, David B. Nagy, appeals the decision of the defendant, the Zoning Commission of the Town of Simsbury, denying his application to amend Article 7, Section M.5 of the Simsbury zoning regulations. The plaintiff's proposed amendment would have changed the definition of the Flood Plain Zone in Article 7, Section M.5, thereby allowing the plaintiff greater use of his land.
The appeal alleges that the denial of the application CT Page 6321 was illegal, arbitrary and capricious because of any one or all of the following:
 a. On July 15, 1964, when the town of Simsbury adopted the "Flood Plain" and subsequently when the Town of Simsbury changed the "Flood Plain" to the "Flood Plain Zone", Dennis Brown of Brown, Donald Donald was the Town Planner for the Town of Simsbury and Gerald N. Van Atta was the chairman of the Simsbury Zoning Commission. Testimony of Dennis Brown and the sworn written statement of Gerald N. Van Atta were submitted to the Simsbury Zoning Commission stating that the imposition of the "Flood Plan" and the "Flood Plan Zone": based upon the 160' elevation contour line was flawed unrealistic, of a temporary nature and acknowledge as arbitrary. The said testimony and sworn statement were uncontroverted.
 b. The defendant, in violation of Connecticut General Statutes § 8-2 (a), as amended by Public Act 92-50, failed to consider Objective A of Policy 7 set forth in Chapter 2 of the Plan of Development of the Town of Simsbury concerning environmental matters, which states that an objective of the Simsbury of Development is to "modify the Floodplain Zone in the Simsbury Zoning Regulations and the zoning Map to be coincidental with the Federal Emergency Management Agency (FEMA) Flood Maps, 100-year Flood Zone."
 c. The plaintiff submitted expert evidence at the public hearing by a licensed professional engineer and by a professional design team regarding the establishment of the location of the 100-year "FEMA" line through out the Town of Simsbury abutting the Farmington River.
d. The denial of the application is CT Page 6322 illegal, arbitrary and capricious because the aforesaid expert evidence, together with the testimony of Dennis Brown, the former Simsbury Town Planner, together with the written statement of Gerald N. Van Atta, the former Chairman of the defendant Zoning Commission, (all of which was uncontroverted) establishes the conclusion that the continued use of the 160 foot elevation contour line as the limit of the "Flood Plain Zone" violates Connecticut General Statutes . . . § 8-2 (a) because it does not apply "uniformity" throughout the "Flood Plain Zone" in relation to those parcels of land where there is a flood hazard.
 e. The denial of the Application is illegal since it is not based upon published standards of which the applicant had noticed.
The plaintiff's appeal is based on the following facts. The plaintiff is the owner of a parcel of real estate located at 30 Wolcott Road in Simsbury. Although the property had at one time been in an Industrial I zone, subsequent amendments effectively placed the property in a Flood Plain Zone. (Complaint, paragraphs 1-6.) The present definition of the Flood Plain Zone is "all the land adjacent to the Farmington River which falls below the 160' contour line." (Return of Record [ROR], Item 44, pp. 30-32).
On May 10, 1994, the plaintiff filed an application to amend the definition of the Flood Plain Zone. (ROR 1). The plaintiff's proposed amendment requested a replacement of the present Flood Plain Zone definition with the following definition:
 The Floodplain zoning district is all the land located in the Town of Simsbury which is adjacent to the Farmington River and which lies within the 100-year flood line limits ("FEMA Line") as shown on the Flood Insurance Rate Maps for the Town of Simsbury, revised in April, 1986 as established by the Federal Emergency Management Agency. CT Page 6323
(ROR 1). Essentially, the plaintiff sought to adopt the Federal Emergency Management Agency (FEMA) Flood Map's 100-year Flood Zone. Id.
The Commission noticed a public hearing which was held on July 18, 1994, and August 8, 1994. (ROR, Item 9, 45, 46.) At the hearing the plaintiff submitted the documentation and transcripts from a prior hearing concerning a similar application. (ROR, Items 13, 14, 15.) Both the plaintiff and his attorney testified, arguing that the line was arbitrary and that it should be changed in accordance with the Town's stated policy and objective to encourage land uses compatible with the conservation of the Farmington River and its floodplain. (ROR, Item 45, 46.)
The report of the Planning Commission was read into the record during the hearing. (ROR, Item 56, 16-17.) The report recommended disapproval of the application. (ROR, Item 25.) The Farmington River Watershed Association also recommended that no changes be made until a study was performed. (ROR, Item 36.) Several other individuals recommended that an intensive study be performed before changing the regulations. (ROR, Item 45, pp. 13, 16, Item 46, p. 6.)
After closing the hearing on August 8, 1994, the Commission denied the plaintiff's application because of the Zoning Commission's plan "to begin a comprehensive study of the Farmington River and its floodplain in September 1994." (ROR, Item 46.) Notice was sent to the plaintiff on August 17, 1994 and was published on August 18, 1994. (ROR Items 40, 41.)
The plaintiff appealed the decision, claiming that the denial of the application was illegal, arbitrary and capricious for one or all of the following reasons: that the adoption of the Flood Plain Zone in 1964 was flawed, unrealistic, of a temporary nature and arbitrary; that the Commission failed to consider the stated Town objective of modifying the regulations to coincide with the FEMA Flood Maps; that the decision ignored expert testimony; that the Flood Plain Zone does not apply uniformly, thereby violating General Statutes § 8-2 (a); and that the decision is not based upon published standards of which the applicant had notice.
The defendant argues that the plaintiff abandoned all CT Page 6324 of his claims because he failed to brief them. The defendant additionally argues that the record supports the Commission's
II. Aggrievement
"To be an aggrieved person, one must be affected directly or in relation to a specific, personal and legal interest in the subject matter of the decision, as distinguished from a general interest such as is the concern of all members of the community, and the appellant must be specifically and injuriously affected as to property or other legal rights."Smith v. Planning and Zoning Commission, 203 Conn. 317, 321,524 A.2d 1128 (1987). An owner of the subject property is aggrieved and entitled to bring an appeal. Winchester WoodsAssociates v. Planning Zoning Commission, 219 Conn. 303, 308,592 A.2d 953 (1991).
On the matter of aggrievement, the plaintiff, David Nagy testified that he is the owner of 30 Wolcott Road, Simsbury, Connecticut and that said property is in the Flood Plain Zone. He stated that he owned the property since 1986 and that prior to 1986, it was owned by his father.
Mr. Nagy indicated that by virtue of being in the Flood Plain Zone, his property has depreciated in value and that he has been unable to expand his business.
The court concludes that the plaintiff has established that he has a specific and legal interest in the subject matter of the decision of the Zoning Commission and that such interest has been specially and injuriously affected by the decision of the Zoning Commission.
Accordingly, the court finds that the plaintiff is aggrieved by the denial of his application.
III. Scope of Review
In enacting or amending regulations, zoning authorities act in a legislative rather than an administrative capacity, and have broad discretion as long as they act "in harmony with and in conformity to a comprehensive plan as mandated by General Statutes § 8-2." Parks v. Planning and Zoning Commission,178 Conn. 657, 660-61, 425 A.2d 100 (1979). The trial court may not substitute its judgement for that of the local CT Page 6325 authority, and may grant relief only where the local authority has acted illegally, arbitrarily, or in abuse of its discretion.Frito-Lay, Inc. v. Planning and Zoning Commission,206 Conn. 554, 572-73, 538 A.2d 1039 (1988). The court has only to determine whether the record reasonably supports the conclusions reached by the authority. DeBeradinis v. Zoning Commission,228 Conn. 187, 198, 635 A.2d 1220 (1994).
IV. Discussion
In his brief of law and at the hearing held on June 1, 1995, plaintiff's attorney gave an impassioned presentation at what he felt has been the unreasonableness and arbitrariness of the defendant Zoning Commission's action in this matter. He claims that the 160 foot contour line relative to the Flood Plain Zone is unfair to his client. He argues that adoption of the FEMA line would be more appropriate.
The attorney points out that there are studies that are being considered by the Town of Simsbury on this issue. He is hopeful that upon further review and consideration, that the Town will adopt the FEMA line.
While the court is sympathetic to the plaintiff's alleged plight and hopes that determination will be made by the defendant to address his concerns, its function in this appeal is limited.
The arguments that were briefed by the plaintiff are that the adoption of the 160 foot contour line was arbitrary, and that expert opinion establishes this fact and should have been followed by the Commission.[1] Both of these arguments were addressed in the recent decision of Aero Space Industries,Inc. v. Zoning Commission of the Town of Simsbury, Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. CV 94-537598S (May 23, 1995, Holzberg, J.).[2]
Addressing the argument that the adoption of the 160 foot contour line was arbitrary, the court reasoned:
 The issue in this appeal . . . is not whether the 160 foot contour is arbitrary, but rather whether the defendant's refusal to amend its regulations, in light of the evidence before it, was arbitrary or CT Page 6326 irrational. . . . [T]he defendant considered not only the plaintiff['s] presentation, but the report of the Planning Commission and other concerned citizens and experts who urged the defendant to proceed cautiously and deliberately before its approved any change to the floodplain definition.
Id., 13.
The Plan of Development recommended continued use of the 160' foot contour line. (ROR, Item 23 at Policy 6.) The Planning Commission and the Farmington River Watershed Association, Inc. recommended the continued use of the 160' contour line. There are other possible alternatives to the use of the FEMA line and the 160' contour line, and the evidence before the Commission supported its decision to perform a study before changing the definition.
The plaintiff also argues that the Commission was bound by uncontroverted expert evidence that the adoption of the 160 foot contour line was arbitrary. However, even if the Commission accepts that testimony, the issue is whether the floodplain is arbitrary now. As noted above, there was sufficient evidence before the Commission to support its finding that the line should not be changed at this time.
It is also noted that the plaintiff, in his appeal, alleged, in paragraph 20, various ways in which he claims the defendant Commission acted improperly as to his application. However, in his brief of law the plaintiff does not directly address said allegations. Therefore, the court concludes that the plaintiff has not met his burden of proof in establishing the allegations of paragraph 20 of his appeal.
Based on a review of the record, the court concludes that the Commission did not act arbitrarily, illegally or in abuse of its discretion in denying the plaintiff's application.
Also, the court finds that there is substantial evidence in the record to support the agency's conclusion.
Accordingly, the plaintiff's appeal is dismissed.
ROBERT F. STENGEL CT Page 6327 JUDGE, SUPERIOR COURT