EDWARD O. NORRIS ET AL. *v.* PLANNING AND ZONING COMMISSION OF THE TOWN OF WESTPORT ET AL.
(three cases)

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued June 4—decided June 25, 1968

*Austin K. Wolf,* with whom was *Lawrence P. Weisman,* for the appellants (plaintiffs).

*Leo Nevas,* with whom, on the brief, was *Warner Alexander,* for the appellee (defendant The Greystone Corporation).

*Edwin K. Dimes,* for the appellee (named defendant).

House, J. In accordance with § 606 of the Practice Book, appeals from three judgments of the Court of Common Pleas have been combined. The three cases are closely related, and each appeal is from a judgment dismissing an appeal from a decision of the defendant the planning and zoning commission of the town of Westport.

The cases had their origin in two applications to the commission by The Greystone Corporation, one to effect a change in the zone of an eight-acre tract on Saugatuck Avenue in Westport from a residence AA district to design development district 2 and the other to grant a special permit to locate a commercial building on this tract under the conditions, restrictions and uses prescribed in the Westport zoning regulations governing design development districts. Upon receipt of the Greystone application, the commission, in the exercise of its planning functions, itself initiated proceedings to amend the town's master plan of development. It recommended that fifteen acres of land, including the eight acres which were the subject of the Greystone application, be designated on the master plan as a "design development district."

Pursuant to proper public notice, a concurrent public hearing was held on all three matters despite the objections of the plaintiffs, who sought to have a prior and separate public hearing on the question of amending the master plan of development. Subsequently, the commission approved each of the applications and the proposal to amend the master plan, and the plaintiffs thereupon appealed from each decision to the Court of Common Pleas. That

court found certain of the plaintiffs to be aggrieved persons but, in each case, rendered judgment for the defendants sustaining the decisions of the commission. The appeals from these three judgments have been combined in the appeal to this court.

Although the plaintiffs originally assigned several errors in the court's limited finding of fact, these have not been pursued. The questions presented on the appeals have been limited to three: (1) Did the court err in concluding that the commission did not act illegally, arbitrarily and in abuse of its discretion in amending the town plan of development, in changing the zone of the subject premises and in granting the requested special permit? (2) Did it err in concluding that the commission committed no procedural error in considering the three separate but interdependent applications in a single public hearing? (3) Did it err in concluding that the commission did not act improperly in accepting and in considering a report from the planning director which advocated design development zoning at a session at which no representative of the plaintiffs was present? The plaintiffs, in oral argument, expressly disavowed any challenge to the validity of the design zone concept although they did challenge its application in this case.

The record discloses that after the hearing the commission, with meticulous care and with full comprehension of its different zoning and plannings powers and functions, considered each of the proposals separately and acted upon each by separate resolution. In passing upon each proposal, the commission with particularity detailed the reasons for its favorable action on that proposal. It would serve no useful purpose and have no value whatsoever as a precedent to sum-

marize in this opinion the voluminous record and the separate conclusions of the commission. It suffices to note that the record is ample and complete and fully supports the determination made by the commission in the proper exercise of its diverse powers and functions as these have been discussed in such recent cases as *Samp Mortar Lake Co.* v. *Town Plan & Zoning Commission,* 155 Conn. 310, 231 A.2d 649, *Malafronte* v. *Planning & Zoning Board,* 155 Conn. 205, 230 A.2d 606, *Pierrepont* v. *Zoning Commission,* 154 Conn. 463, 226 A.2d 659, *Lupinacci* v. *Planning & Zoning Commission,* 153 Conn. 694, 220 A.2d 274, and *Summ* v. *Zoning Commission,* 150 Conn. 79, 186 A.2d 160. The trial court was fully justified in concluding that the commission acted within its authority in changing the master plan and that, in making the change of zone and issuing the Greystone permit, the commission did not act illegally, arbitrarily or in the abuse of its discretion.

We find no merit in the claim of the plaintiffs that the commission was guilty of a procedural error in hearing the three matters at a single or simultaneous hearing. It is not without significance that they cite no authority for their claim. Nor do they point to any way in which they have been prejudiced by the decision of the commission to proceed as it did. The proposals were clearly interdependent, and to require completely separate hearings, testimony, exhibits and arguments on each proposal would not only be unduly burdensome but serve no useful purpose. That the merits of the three proposals could easily be considered together and without prejudice is indicated by the action of the plaintiffs themselves in presenting their three appeals to this court on one record and one brief rather than

three separate records and briefs. The important fact is that, although the commission heard all the evidence on the three proposals at a single hearing, when it came to act upon them, it clearly acted separately and distinctly and for specific and relevant reasons on each of the proposals.

The final claim of error requires but brief mention. When the commission considered adopting design development district amendments in February, 1965, it requested the planning director to prepare a memorandum on the general subject. He took over a year to prepare this memorandum. It was dated May 31, 1966, and was finally submitted to the commission at its meeting on June 2, 1966. It contained arguments in favor of the creation of design development districts. By coincidence, that meeting of the commission was held to deliberate on the proposals which are the subject of the present appeals. The commission's record of that meeting as returned to the Court of Common Pleas contains not only a record of the action of the commission on the proposals but also a record of the commission's receipt of the memorandum. This coincidence apparently prompted the plaintiffs' complaint that the commission acted improperly "when it accepted and considered a report from the Planning Director advocating, supporting and recommending Design Development Zoning at an unadvertised 'public session' at which no representative of the appellants was present." The short answer to the plaintiffs' claim is found in the following findings of the trial court: (1) The memorandum contained no data, information or conclusions which had not been previously discussed by the members of the commission at numerous meetings in the past. (2) The commission did not consider the contents of the memorandum

in arriving at its decision on the Greystone application. (3) The memorandum in no way affected the deliberations of the commission concerning the Greystone application.

There is no error.

In this opinion the other judges concurred.