WALTER LANGER ET AL. *v.* PLANNING AND ZONING
COMMISSION OF THE TOWN OF WESTPORT ET AL.

HOUSE, C. J., RYAN, SHAPIRO, LOISELLE and MACDONALD, Js.

Argued June 13—decided July 27, 1972

*Bourke G. Spellacy,* with whom, on the brief, were *Stuart N. Updike* and *Thomas G. Dennis,* for the appellants (plaintiffs).

*Edgar T. See,* for the appellees (defendant Lester R. Giegerich et al.) and *Harry H. Hefferan, Jr.,* for the appellee (named defendant); with them, on the brief, was *Jerry Davidoff,* for the appellees (defendant Robert T. Cassell et al.).

LOISELLE, J. On April 15, 1969, the planning and zoning commission of the town of Westport amended the zoning regulations by creating a restricted professional office district, hereinafter referred to as RPOD. At the same time, the commission designated eleven lots located in the Imperial Avenue area as a RPOD zone. These lots covered about six acres of land and were south of and adjacent to the business and restricted business zone bordering the Boston Post Road. The commission created the zone and designated an area for its application with one hearing, a procedure which is not assigned as error and is not inconsistent with zoning regulations as long as the identity of the two actions remains separate. *Sheridan* v. *Planning Board,* 159 Conn. 1, 22, 266 A.2d 396; *Norris* v. *Planning & Zoning Commission,* 156 Conn. 592, 596, 244 A.2d 378. The regulations were amended to establish the new zone after a second public hearing, instigated by the commission to remedy the defective notice of a previous hearing on the matter. There is no attack on the propriety of the second hearing.

The plaintiff Chemical Research and Manufacturers, Inc., as titleholder, and the named plaintiff, in a representative capacity, own approximately twenty-five acres of land which abut a portion of the newly created zone. They are aggrieved parties within the meaning of General Statutes §§ 8-9 and 8-8. Their appeal from the action of the commission to the Court of Common Pleas was dismissed and they have appealed from that judgment.

In establishing the RPOD, the planning and zoning commission indicated in the "Purpose" of the regulation that it considered the desirability of establishing a zonal classification "which would afford a reasonable and desirable transition between established business districts and residential areas. Large homes in older residential areas in the proximity of business districts tend to become economically depressed as the demand for other types and locations of single-family homes increases. The character of such areas is more residential than commercial and from other standpoints, this situation cannot lead to the wholesale conversion of these areas to commercial zones. Consequently, a transitional type of zone is required to conserve the value of such property while preserving the character of such areas from the standpoint of intensity of use and physical appearance. The Residential Professional Office District provides for such a transition." The new regulations provide for limitations on use, setback, height, minimum floor area, ground coverage, parking, architectural design, site plan, signs, changes of use, expansion and reconstruction of buildings.

The plaintiffs claim that the RPOD regulations are invalid in two respects and that the entire RPOD regulation must fall because both of the invalid provisions are such an integral part of the whole regula-

tion as to be inseparable from it. Permitted in the new zone are residential and professional offices with customary accessory structures and uses. Before any land or structure may be used for any permitted use, there must be an application to the planning and zoning commission for a special permit and a public hearing, held in accordance with General Statutes § 8-3. Section 4B.6 of the new zoning regulation provides: "In such cases as approval of the Commission shall have been secured as hereinbefore set forth, nothing in these regulations shall be construed to require the further approval of the Commission for the substitution of other permitted professional office uses different from those stated in the application on which the approval was based, EXCEPT: (1) No restricted professional office use shall be commenced before a certificate of change of use is obtained from the Zoning Enforcement Officer, certifying that the use and parking provisions conform to the regulations."

The plaintiffs contend that this provision is an illegal delegation of authority to the enforcement officer. The provision amounts to an administrative directive that a change from one permitted use to another permitted use will require a zoning permit. There is no delegation of any additional authority to the enforcement officer. The regulations set out the precise circumstances under which he must issue a certificate of change of use. If an application conforms to the standards set forth in the regulations, the enforcement officer has no discretion and must issue the certificate. It is clearly a ministerial function and not an unlawful delegation of authority as the plaintiffs claim. *Rocchi* v. *Zoning Board of Appeals,* 157 Conn. 106, 113, 248 A.2d 922; *State ex rel. Eastern Color Printing Co.* v. *Jenks,* 150 Conn. 444,

451, 190 A.2d 591; *State ex rel. Board of Education* v. *D'Aulisa,* 133 Conn. 414, 423, 52 A.2d 636; 8A McQuillin, Municipal Corporations (3d Ed. Rev.) § 25.255.

Section 4B.8 of the RPOD regulations provides, in the first section (§ 4B.8.1), for the permitted professional uses; in the second section (§ 4B.8.2), for residential uses; and in the third section (§ 4B.8.3), for accessory uses and structures. The fourth section (§ 4B.8.4) provides that: "The Planning and Zoning Commission, on written request from the applicant, may modify, vary, waive or accept other uses as set forth in the above paragraph in harmony with the general purpose and intent of these Regulations, where the effect thereof is arbitrary, or where a literal enforcement of the Regulations would result in practical difficulties not required to accomplish the purpose of a professional office district, so that substantial justice will be done and the general purpose and intent of these Regulations will be accomplished." The plaintiffs claim that § 4B.8.4 is invalid in that it violates General Statutes § 8-6 which vests the power to vary the application of zoning ordinances exclusively in a board of appeals.

An examination of the provisions of chapter 124 of the General Statutes, especially § 8-2, concerning the power conferred on the defendant planning and zoning commission, and § 8-6, concerning the powers of boards of appeal, can lead only to the conclusion that the power to vary the ordinance to accommodate practical difficulties and do substantial justice lies exclusively in a board of appeals. In connection with zoning ordinances, it is a cardinal principle of construction that provisions and amendments must be enacted pursuant to the zoning enabling statute. *Lurie* v. *Planning & Zoning Commission,* 160 Conn.

295, 319 (dis.), 278 A.2d 799; *Clark* v. *Town Council,* 145 Conn. 476, 482, 144 A.2d 327; *Eden* v. *Town Plan & Zoning Commission,* 139 Conn. 59, 63, 89 A.2d 746; *Bishop* v. *Board of Zoning Appeals,* 133 Conn. 614, 619, 53 A.2d 659; 1 Yokley, Zoning Law and Practice (3d Ed.) § 5-4. Once the board of appeals is provided for in the zoning ordinance, its powers stem directly from the statute; *Nelson* v. *Donaldson,* 255 Ala. 76, 79, 50 So. 2d 244, *Duffcon Concrete Products, Inc.* v. *Cresskill,* 1 N.J. 509, 515, 64 A.2d 347; and its powers are not subject to restriction by provisions contained in the ordinance or amendments thereto. *Farnsworth* v. *Windsor,* 150 Conn. 484, 487, 190 A.2d 915; *Kimball* v. *Court of Common Council,* 148 Conn. 97, 102, 167 A.2d 706; *Shelton* v. *City of Shelton,* 111 Conn. 433, 439, 150 A. 811; 8A McQuillin, op. cit. § 25.232.

The defendants claim that, as the power to vary is limited to uses only, there is no infringement on the powers of the board of appeals. Prior to 1959, § 8-2 and its predecessors did not include the use of land within its provisions. After *Pecora* v. *Zoning Commission,* 145 Conn. 435, 144 A.2d 48, however, § 8-2 was amended to include the use of land. This amendment intended to provide that the regulations for the use of land, like the regulations for each class of buildings or structures, be uniform. *Summ* v. *Zoning Commission,* 150 Conn. 79, 86, 186 A.2d 160, overruled in part on other grounds, *Sheridan* v. *Planning Board,* 159 Conn. 1, 13, 266 A.2d 396. Because § 4B.8.4 allows the commission to vary uses on an application-to-application basis to a degree that they are different from those uniformly allowed under § 4B.8.1, § 4B.8.4 is beyond the scope of the planning and zoning commission's authority and is, therefore, invalid and void.

The plaintiffs argue that, if either § 4B.6 or § 4B.8.4 is invalid, all of the regulations concerning the RPOD must fall because the invalid section is so connected and essential to the remaining provisions as to indicate a legislative intent to establish no regulations without the invalid one. The Westport zoning regulations (§ 4B.8.9) provide that the invalidity or inoperability of a section shall not affect the validity of the ordinance as a whole or any other section of it. Such a provision replaces a presumption that the ordinance was meant to be indivisible with a presumption of separability. *Burton* v. *Hartford,* 144 Conn. 80, 90, 127 A.2d 251. The absence of § 4B.8.4 from the ordinance would in no way destroy the value or effectiveness of the RPOD regulations. The professional uses listed in § 4B.8.1 and the residential uses described in § 4B.8.2 would not be affected and all of the conditions for their approval would remain undisturbed. The invalid provision of § 4B.8.4 is not so mutually related to and intrinsically connected with the rest of the RPOD regulations as to indicate an intent that they be inseparable. *Beckish* v. *Planning & Zoning Commission,* 162 Conn. 11, 19, 291 A.2d 208; *Parish of St. Andrew's Church* v. *Zoning Board of Appeals,* 155 Conn. 350, 355, 232 A.2d 916; *Amsel* v. *Brooks,* 141 Conn. 288, 300, 106 A.2d 152; 8 McQuillin, Municipal Corporations (3d Ed. Rev.) § 25.63.

The plaintiffs further claim that the rezoning of the area along Imperial Avenue as a RPOD zone was arbitrary, illegal and an abuse of the commission's discretion. The commission found that the area comprised eleven individual properties, seven of which, through variances previously granted, substantially conformed to the RPOD regulations; that the area as a whole was characterized by large, old

dwellings which were no longer in demand for residential use; and that a change in zone should be considered to conserve their value. The commission also found that the character of the area had changed materially since its designation as residential in 1930. In making its decision, the commission considered the various changes in the vicinity, including the construction of the Town Hall complex, the development of numerous parking areas for downtown use, and the rezoning of a portion of Imperial Avenue to a restricted business district; the proximity of the area to the business district; and the fact that Imperial Avenue was already classified for the type of traffic which would be generated by the rezoned use and was capable of carrying the increased traffic which the rezoning would cause. "When a zoning commission states the reasons for its action, 'the question for the court to pass on is simply whether the reasons assigned are reasonably supported by the record and whether they are pertinent to the considerations which the commission is required to apply under the zoning regulations.' *Zieky* v. *Town Plan & Zoning Commission,* 151 Conn. 265, 267, 196 A.2d 758." *DeMaria* v. *Planning & Zoning Commission,* 159 Conn. 534, 540, 271 A.2d 105; *Holt-Lock, Inc.* v. *Zoning & Planning Commission,* 161 Conn. 182, 190, 286 A.2d 299; *George LaCava & Sons, Inc.* v. *Town Plan & Zoning Commission,* 154 Conn. 309, 311, 225 A.2d 198. An examination of the record and the appendices to the briefs discloses that the commission reached an honest and reasonable judgment after a full hearing and that its decision was consistent with the comprehensive plan. The court was not in error in finding that the rezoning of the area along Imperial Avenue was not arbitrary, illegal or an abuse of discretion. *Morningside Assn.* v. *Plan-*

*ning & Zoning Board,* 162 Conn. 154, 158, 292 A.2d 893; *Sheridan* v. *Planning Board,* 159 Conn. 1, 21, 266 A.2d 396; *Jablon* v. *Town Planning & Zoning Commission,* 157 Conn. 434, 438, 254 A.2d 914; *Kutcher* v. *Town Planning Commission,* 138 Conn. 705, 710–11, 88 A.2d 538.

The plaintiffs' final assignment of error is that the board's action constituted spot zoning. See *Kuehne* v. *Town Council,* 136 Conn. 452, 460, 72 A.2d 474. Spot zoning has been generally defined as the reclassification of a small area of land in such a manner as to disturb the tenor of the surrounding neighborhood. *Furtney* v. *Zoning Commission,* 159 Conn. 585, 600, 271 A.2d 319; *Pierrepont* v. *Zoning Commission,* 154 Conn. 463, 469, 226 A.2d 659; *Guerriero* v. *Galasso,* 144 Conn. 600, 607, 136 A.2d 497. Two elements must coexist in order to constitute spot zoning in the sense of an illegal exercise of power by a zoning authority. First, there must be a change in zone affecting only a small area, and second, this change must be out of harmony with the comprehensive plan for the good of the community as a whole. *Morningside Assn.* v. *Planning & Zoning Board,* supra, 161; *Loh* v. *Town Plan & Zoning Commission,* 161 Conn. 32, 38, 282 A.2d 894; *Guerriero* v. *Galasso,* supra. The area of land in this case is about six acres and is located on both sides of Imperial Avenue. It is apparent that the first test is met. It is also clear from the record that the zone change was in harmony with the Westport comprehensive plan. The commission had before it a detailed account of the history and current business uses in and around the proposed RPOD area. Seven of the eleven plots of land affected by the change were already being used for professional offices. The area contained large homes which are

462

aptly described as belonging to another era. *Libby* v. *Board of Zoning Appeals,* 143 Conn. 46, 52, 118 A.2d 894. The RPOD concept was used on a section of Imperial Avenue to provide a buffer or transitional zone, with stringent limitations on uses, between the purely business uses to the north and the largely residential uses to the south. "In considering the existing uses in the neighborhood, the needs and growth of the town, and the desire to provide for the best interests of all the community in the foreseeable future, the board demonstrated that it carefully thought out its decision in amending the zonal classification." *Malafronte* v. *Planning & Zoning Board,* 155 Conn. 205, 211, 230 A.2d 606.

Although the provisions of § 4B.8.4 of the RPOD amendment to the zoning regulations are an invalid exercise of the authority of the zoning commission, the remaining sections of the RPOD amendment to the zoning regulations of the town of Westport are valid and effective as enacted.

There is error in part only; the judgment is set aside and the case is remanded with direction to render judgment as on file except as modified to accord with this opinion.

In this opinion the other judges concurred.