COASTAL SUBURBAN BUILDERS, INC., ET AL. *v.*
PLANNING AND ZONING COMMISSION OF THE
TOWN OF EAST HAVEN
(2374)

DANNEHY, C.P.J., BORDEN and SPALLONE, Js.

Argued June 12—decision released September 4, 1984

*Roger J. Frechette,* for the appellants (plaintiffs).

*Michael A. Albis,* with whom was *Hugh F. Keefe,* for the appellee (defendant).

SPALLONE, J. This is an appeal[1] from the denial of the plaintiffs' petition for a writ of mandamus.

On June 14, 1980, the plaintiffs filed an application with the defendant planning and zoning commission to rezone a parcel of real estate, located in the town of East Haven, from an R-4 zone to a DRA-1 zone.[2] They also applied, on that date, for a special exception for a multi-family use which would permit them to construct a sixty unit condominium complex on the property. The change of zone from R-4 to DRA-1 was a condition precedent to the granting of the application for a special exception.

On September 17, 1980, the defendant held a public hearing on both of the applications. On November 5, 1980, the defendant denied the plaintiffs' application for a change of zone from R-4 to DRA-1. The plaintiffs appealed from that decision alleging that the defendant acted illegally, arbitrarily and in abuse of its discretion in denying their application for a change of zone, and they petitioned for a writ of mandamus directing the

---

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

[2] Under § 23.5 of the zoning regulations of the town of East Haven, only single family dwellings may be constructed in an R-4 zone. Multi-family residences are allowed in DRA-1 zones under § 23.9 of those regulations.

defendant to grant the special exception on the basis that no public hearing had been held within the sixty-five day period set forth in the East Haven zoning regulations.[3]

The zoning appeal and the mandamus action were consolidated for trial and, on May 13, 1982, judgment was rendered dismissing the administrative appeal and denying the application for a writ of mandamus. The plaintiff has appealed from the trial court's decision denying the writ of mandamus.

While conceding that the special exception they sought is not available in an R-4 zone, the plaintiffs argue that the application for the zone change, as well as for the special exception, should be automatically granted under General Statutes § 8-3 (g)[4] because the defendant failed to take any action within the time provided by the zoning regulations[5] and by General Statutes § 8-7d (b).[6] We find no support in the statutes, the zoning regulations or case law for this position.

[3] Section 32.8 of the zoning regulations of the town of East Haven provides in pertinent part: "The Commission shall act within 65 days of receipt of complete Detailed Plans. . . . Failure of the Commission to so act within the 65 day period or any extension thereof shall be considered as an approval . . . ."

[4] General Statutes § 8-3 (g) provides in pertinent part: "The zoning regulations may require that a site plan be filed with the commission or other municipal agency or official to aid in determining the conformity of a proposed building, use or structure with specific provisions of such regulations. A site plan may be modified or denied only if it fails to comply with requirements already set forth in the regulations. Approval of a site plan shall be presumed unless a decision to deny or modify it is rendered within the period specified in section 8-7d."

[5] See footnote 3, supra.

[6] General Statutes § 8-7d (b) provides in pertinent part: "Whenever the approval of a site plan is the only requirement to be met or remaining to be met under the zoning regulations for a proposed building, use or structure, a decision on an application for approval of such site plan shall be rendered within sixty-five days after receipt of such site plan."

When formulating zoning regulations, including the establishment of particular zones and the designation thereof, a local zoning authority is acting in its legislative capacity. *Parks* v. *Planning & Zoning Commission,* 178 Conn. 657, 660, 425 A.2d 100 (1979). It does so when it amends as well as enacts its regulations. Id.; *Morningside Assn.* v. *Planning & Zoning Board,* 162 Conn. 154, 158, 292 A.2d 893 (1972); *Malafronte* v. *Planning & Zoning Board,* 155 Conn. 205, 208–209, 230 A.2d 606 (1967); *Pierrepont* v. *Zoning Commission,* 154 Conn. 463, 468, 226 A.2d 659 (1967). The discretion of a zoning commission is broad; *Malafronte* v. *Planning & Zoning Board,* supra, 209; and courts can grant relief on appeal only when the local authority has acted arbitrarily or illegally and has thus abused the discretion vested in it. *Raybestos-Manhattan, Inc.* v. *Planning & Zoning Commission,* 186 Conn. 466, 470, 442 A.2d 65 (1982); *Summ* v. *Zoning Commission,* 150 Conn. 79, 89, 186 A.2d 160 (1962).

Because a change of zone falls within the scope of the defendant's legislative function and requires the use of its discretion, any time requirement imposed upon it must be directory rather than mandatory. *Donohue* v. *Zoning Board of Appeals,* 155 Conn. 550, 554, 235 A.2d 643 (1967). Decisions of a zoning commission are valid where they are concerned with applications for changes of zone and amendments to zoning regulations even where decisions have not been made in accordance with the strict statutory timetable. *Morningside Assn.* v. *Planning & Zoning Board,* supra, 157; *Chesson* v. *Zoning Commission,* 157 Conn. 520, 527, 254 A.2d 864 (1969); *Winslow* v. *Zoning Board,* 143 Conn. 381, 388, 122 A.2d 789 (1956).

The cases relied on by the plaintiff all deal with site plans and not with zone changes. In both *Shapero* v. *Zoning Board,* 192 Conn. 367, 472 A.2d 345 (1984), and *Vartuli* v. *Sotire,* 192 Conn. 353, 472 A.2d 336 (1984),

which dealt with the approval of site plans under the Coastal Management Act,[7] the court found automatic approval only because the local boards were acting in their administrative, rather than in their legislative, capacity.

Where the board is engaging in an administrative function and need only determine whether the applicant has met the specific standards set forth in the regulations, the imposition of automatic approval upon the board's failure to act within the statutorily determined time is reasonable and rational. Where the board is acting in its legislative capacity and lawfully exercising its broad discretion, however, an automatic approval of an application for newly proposed legislation, merely because of the passage of time, would constitute an unwarranted diminution of the board's ability to function as a legislative body. For these reasons, we cannot say that the trial court erred in holding that the plaintiffs were not entitled to an automatic change of zone.

Because the application for a zone change was never granted, either by the board or by operation of law, this court will not find error in the trial court's denial of the writ of mandamus. The special exception which the plaintiffs sought was not allowed in an R-4 zone. If the exception had been granted, the defendant would have clearly abused its discretion. We cannot compel the performance of an unlawful act. *Stolberg* v. *Caldwell,* 175 Conn. 586, 612, 402 A.2d 763 (1978).

There is no error.

In this opinion the other judges concurred.

---

[7] General Statutes § 22a-90 et seq.