[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal of a decision by the Branford Planning and Zoning Commission to grant a change of zone. The applicants filed petition for a change of zone for #71 Cedar Street, Branford, Connecticut from an R1 (Residential) to a BC (center business) zone (Record A). The subject property is in the Center District Overlay Area (Record A, p. 5, G). The abutting property, known as 67 Cedar Street, is zoned BC (Record G, H, H-1). The applicants proposed to use 71 Cedar Street as a law office (Record A). The plaintiffs are abutting landowners.
Connecticut General Statutes Annotated 8-8 (a) provides that any person owning land which abuts the land involved in a zoning decision is an aggrieved person entitled to appeal. The statute does not require separate proof of aggrievement as it distinguishes between "Any person . . . aggrieved . . ." and persons abutting. C.G.S.A. 8-8 (a). Such abutting owners are considered automatically aggrieved without having to prove aggrievement. Smith v. Planning and Zoning Board, 203 Conn. 317 at 321 (1987). Weigel v. Planning and Zoning Commission of Town of Westport,158 Conn. 497, 264 A.2d 566 (1969).
A public hearing was held on February 16, 1989 and the concerns of abutting property owners were discussed.
After a hearing on March 2, 1989, the Planning and Zoning Commission unanimously approved the petition for zone change. The minutes of the regular meeting of the Planning and Zoning Commission on that date reflect the reason for the approval:
 Subject application was given a final review and found to be a logical expansion of the adjoining BC Zone within the Center Revitalization District.
(Record K. p. 1). CT Page 4869
The plaintiffs appealed from the action of the Branford Planning and Zoning Commission in approving the zone change, stating that the Commission violated Section 8-3 of the Connecticut General Statutes by failing to state upon the record the reason why a change in zone was made, that the change in zoning constitutes "spot zoning," in that it effects only a small area, is out of harmony with the comprehensive plan for the good of the community as a whole and disturbs the tenor of the surrounding neighborhood, and that the Commission failed to consider the impact of the proposed zone change upon the neighborhood and surrounding area (amended appeal/complaint).
With regard to the first claim of the plaintiff.
Section 8-3 (c) of the Connecticut General Statutes provides, in relevant part:
 Whenever such commission makes any change in a regulation or boundary it shall state upon its records the reason why such change is made.
The reason for the approval of the petition for the change of zone was stated in the minutes of the regular meeting of March 2, 1989 of the Planning and Zoning Commission of the Town of Branford (Record K, p. 1).
The zone change was found by the Commission to be a logical expansion of the adjoining BC zone.
The essential question in any case involving the validity of zoning change is whether the reason given by the Commission for the zoning change is reasonably supported by the record. If so, the plaintiffs must fail in their appeal. "If any reason culled from the record demonstrates a real or reasonable relationship to the general welfare of the community, the decision of the commission must be upheld." Parks v. Planning and Zoning Commission, 178 Conn. 657, 662, 663, 425 A.2d 100 (1979): DeForest and Hotchkiss Company v. Planning and Zoning Commission, 152 Conn. 262,266, 205 A.2d 774 (1964). See also Allin v. Zoning Commission of the Town of Wallingford, 150 Conn. 129, 132,186 A.2d 802 (1962); Zieky v. Town Plan and Zoning Commission,151 Conn. 265, 267, 196 A.2d 758 (1963); Langer v. Planning and Zoning Commission, 163 Conn. 453, 460, 313 A.2d 44 (1972).
This court has examined the record before it and finds that it contains ample evidence supporting the Commission's decision to change the zone of the subject property from Rl to BC.
The second claim of the plaintiff is also without merit. CT Page 4870
"Spot zoning has been generally defined as the reclassification of a small area of land in such a manner as to disturb the tenor of the surrounding neighborhood." Langer v. Planning and Zoning Commission, 163 Conn. 453, 461, 313 A.2d 44
(1972); Furtney v. Zoning Commission, 159 Conn. 585, 600,271 A.2d 319 (1970); Pierrepont v. Zoning Commission, 154 Conn. 463, 469,226 A.2d 659 (1967). "Two elements must co-exist in order to constitute spot zoning in the sense of illegal exercise of power by zoning authority. First, there must be a change in zone affecting only a small area, and second, this change must be out of harmony with the comprehensive plan for the good of community as a whole." Langer v. Planning and Zoning Commission, supra at 461; Morningside Association v. Planning and Zoning Board,162 Conn. 154, 158, 292 A.2d 893 (1972).
The record before the Planning and Zoning Commission in this case contains sufficient evidence that the change of zone for the subject property is merely an extension of the existing center business zone. The property is within the center business overlay area. Thus, the Planning and Zoning Commission could reasonably have found that the change of zone is in keeping with the comprehensive plan for the good of the community as a whole.
Lastly the record does support the conclusion that the commission did consider the impact of the zone change on the neighborhood.
In reviewing the court's discretion in examining a zoning body's actions in ruling upon a zone change application is very limited. "When formulating zoning regulations, including the establishment of particular zones and the designation thereof, a local zoning authority is acting in its legislative capacity." Pleasant Valley Neighborhood Association v. Planning and Zoning Commission, 15 Conn. App. 110, 113, 543 A.2d 296 (1988); Costal Suburban Builders, Inc. v. Planning and Zoning Commission, 2 Conn. App. 489,492, 479 A.2d 1239 (1984). The rule enunciated by the Appellate Court in this jurisdiction is that the court cannot substitute their judgment for the wide and liberal discretion vested in local zoning authorities when they have acted within their prescribed legislative powers. Pleasant Valley Neighborhood Association v. Planning and Zoning Commission, supra. "Courts must not disturb the decision of the zoning commission unless the party aggrieved by that decision establishes that the commission acted arbitrarily or illegally." Pleasant Valley Neighborhood Association v. Planning and Zoning Commission, supra; First Hartford Realty Corporation v. Plan and Zoning Commission,165 Conn. 533, 540-41, 338 A.2d 490 (1973); Barnum v. Planning and Zoning Commission, 189 Conn. 261, 266, 455 A.2d 339 (1983 ). In addition, when the zoning body has made known on the record the CT Page 4871 reasons for its actions, "the reviewing court ought only to determine whether the assigned grounds are reasonably supported by the record and whether they are pertinent to the considerations which the authority was required to apply under the zoning regulations." Pleasant Valley Neighborhood Association v. Planning and Zoning Commission, supra; Fedorich v. Zoning Board of Appeals, 178 Conn. 610, 613, 424 A.2d 289 (1979), quoting First Hartford Realty Corporation v. Plan and Zoning Commission, supra at 543.
At the public hearing on February 16, 1989, the Commission concerns about traffic and the expansion of the business zone were discussed. Additional evidence was considered by the Commission. These questions were again discussed at the regular meeting of the commission. Applying the standards set forth in the above cited cases the plaintiffs' claim fails.
The plaintiffs' appeal is, therefore, dismissed.
THOMAS V. O'KEEFE, JR., JUDGE