[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I. STATEMENT OF THE CASE
The plaintiff, Sacred Heart University (Sacred Heart), appeals a decision, of the defendant, the Zoning Board of Appeals of the City of Bridgeport (board), denying Sacred Heart's application for a certificate of zoning compliance. CT Page 1505
II. BACKGROUND
By letter dated January 17, 1996, Sacred Heart filed an Application for Certificate of Zoning Compliance (application) with William A. Shaw, the Bridgeport City Planning Engineer. (Return of Record [ROR], Item 1G.)[1] The application proposed the construction of a ten story, 113,000 square foot university residence hall and classroom building on property located at 5252 Park Avenue, Bridgeport, Connecticut. (ROR, Items 1E, 1K 1G.) The application sought certification that the construction and use of a university dormitory and classroom building at 5252 Park Avenue was permitted under Bridgeport's zoning regulations. (ROR, Items 1E, 1K 1G.) The plaintiff is the contract purchaser of 5252 Park Avenue. (Exhibit A.)
Thereafter, Shaw sought legal advice concerning Sacred Heart's application from the Bridgeport City Attorney's Office. By letter dated March 18, 1996, Associate City Attorney Barbara Brazzel-Massaro, indicated that zoning compliance certification was improper. (ROR, Items 1E 1K.) By letter dated March 25, 1996, Shaw indicated that the plaintiff would not receive a certificate of zoning compliance. (ROR, Items 1E 1K.)
Thereafter, Sacred Heart appealed the denial of its application to the board. (ROR, Item 1B.) On June 11, 1996, the board held a public hearing on sacred Heart's appeal. (ROR, Item 1A.) At the conclusion of the June 11, 1996 meeting, the board unanimously denied Sacred Heart's appeal. (ROR, Item A.) The board assigned the following reason for its decision: "The Planning Zoning Commission of the City of Bridgeport conditioned a subdivision approval which included the subject site required that any development of either parcel within this re-subdivision be subject to review approval of the Inland Wetlands Watercourses Agency of the City of Bridgeport. That approval has not been obtained." (ROR, Item 1A.) Sacred Heart now appeals the board's June 11, 1996 denial of its application.
The current size and configuration of 5252 Park Avenue is the result of a 1995 subdivision. (ROR, Item 1K.) Ethel Herman, the owner and contract seller of 5252 Park Avenue sought and obtained the 1995 subdivision. (ROR, Item 1K.) Prior to the 1955 subdivision, the property known as 5252 Park Avenue (former 5252 Park Avenue) encompassed an area of 7.6 acres, approximately twice its current size, and contained a CT Page 1506 significant amount of inland wetlands. (ROR, Items 1K 1F (Maps SP1-SP4).) The 1995 subdivision divided former 5252 Park Avenue into two smaller parcels, henceforth known as 5252 Park Avenue (current 5252 Park) and 3725 Old Town Road, respectively. (ROR, Items 1K 1F.) Current 5252 Park Avenue encompasses only 3.7 acres and contains no inland wetlands. (ROR, Items 1K 
1F.) The parcel known as 3725 Old Town Road encompasses 3.9 acres and contains all of the inland wetlands previously located within the boundaries of former 5252 Park Avenue. (ROR, Items 1K 1F.) Thus, the 1995 subdivision effectively divided former 5252 Park Avenue in half and segregated all of the inland wetlands previously located on former 5252 Park Avenue on the parcel now known as 3725 Old Town Road. Significantly, the Bridgeport Planning Zoning Commission conditioned its approval of the 1995 subdivision upon the following: "Any development of either parcel within this resubdivision shall be subject to the review and approval of the Inland Wetlands Watercourses Agency of the City of Bridgeport." (ROR, Item 1K.)
III. JURISDICTION
"A statutory right of appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created." (Internal quotation marks omitted.) BridgeportBowl-O-Rama, Inc. v. Zoning Board of Appeals, 195 Conn. 276,283, 487 A.2d 559 (1985).
A. Aggrievement
"[P]leading and proof of aggrievement are prerequisites to the trial court's jurisdiction over the subject matter of a plaintiff's appeal." Jolly, Inc. v. Zoning Board of Appeals,237 Conn. 184, 192, 676 A.2d 831 (1996). The plaintiff bears the burden of proving aggrievement. Spero v. Zoning Board ofAppeals, 217 Conn. 435, 440, 586 A.2d 590 (1991). Aggrievement is an issue of fact to be determined by the trial court on appeal.Primerica v. Planning Zoning Commission, 211 Conn. 85,93, 558 A.2d 646 (1989).
A contract purchaser or a holder of an option to purchase has sufficient interest in a decision involving that property to prove aggrievement. Goldfeld v. Planning Zoning Commission,3 Conn. App. 172, 176-77, 486 A.2d 646 (1985) (option to purchase); Shapero v. Zoning Board, 192 Conn. 367, 376,472 A.2d 345 (1984) (contract purchaser); see also Frechette v. Town ofCT Page 1507Coventry, Superior Court, judicial district of Tolland at Rockville, Docket No. 059673 (April 8, 1997) (Bishop, J.); RBFAssociates v. Planning Zoning Commission, Superior Court, judicial district of Litchfield, Docket No. 070052 (January 17, 1997) (Sheldon, J.).; Whitehead v. Planning Zoning Commission, Superior Court, judicial district of New Haven at New Haven, Docket No. 374158 (September 28, 1995, Booth, J.). The plaintiff, as the contract purchaser of current 5252 Park, is aggrieved.
B. Timeliness
"[A]ny person aggrieved by any decision of a board may take an appeal to the superior court . . . . The appeal shall be commenced by service of process in accordance with subsections (e) and (f) of this section within fifteen days from the date that notice was published . . . ." General Statutes § 8-8 (b). "Service of legal process for an appeal under this section shall be directed to a proper officer and shall be made by leaving a true and attested copy of the process with, or at the usual place of abode of, the chairman or clerk of the board, and by leaving a true and attested copy with the clerk of the municipality. . . ." General Statutes § 8-8 (e).
The board's decision of June 11, 1996 was published on June 13, 1996. (ROR, Item 1L.) On June 27, 1996, service of process was made upon Fleeta Hudson, City Clerk of Bridgeport; William Shaw, clerk of the board; and Richard Bepko, chairman of the board. (Sheriff's Return.) Therefore, the proper parties have been timely served.
IV. STANDARD OF REVIEW
A zoning board of appeals "is endowed with a liberal discretion, and its [actions are] subject to review by the courts only to determine whether [they were] unreasonable, arbitrary or illegal . . . . The burden of proof to demonstrate that a board acted improperly is upon the party seeking to overturn the board's decision . . . . In an appeal from the decision of a zoning board, we therefore review the record to determine whether there is a factual support for the board's decision, not for the contentions of the applicant." (Internal quotation marks omitted.) Francini v. Zoning Board of Appeals,228 Conn. 785, 791, 639 A.2d 519 (1994). A zoning board of appeals conducts a de novo hearing on an appeal from an action CT Page 1508 of a zoning enforcement officer. Caserta v. Zoning Board ofAppeals, 226 Conn. 80, 88-89, 626 A.2d 744 (1993). "It is the board's responsibility, pursuant to the statutorily required hearing, to find the facts and to apply the pertinent zoning regulations to those facts." (Citations omitted.) Id., 90. "In applying the law to the facts of a particular case, the board is endowed with a liberal discretion, and its decision will not be disturbed unless it is found to be unreasonable, arbitrary or illegal." Spero v. Board of Appeals, supra, 217 Conn. 440.
"[W]here a zoning [board of appeals] has formally stated the reasons for its decision, the court should not go behind that official collective statement of the [board] . . . . The reviewing court ought only to determine whether the assigned grounds are reasonably supported by the record and whether they are pertinent to the considerations which the authority was required to apply under the zoning regulations . . . . Of course, where there is a failure to comply with the obligation to state reasons, the action is not deemed void but the court must search the record to see whether the board was justified in its decision." West Hartford Interfaith Coalition, Inc. v. TownCouncil, 228 Conn. 498, 514-15, 636 A.2d 1342 (1994).
"An administrative appeal shall be confined to the record." (Internal quotation marks omitted.) Blaker v. Planning ZoningCommission, 219 Conn. 139, 146, 592 A.2d 155 (1991). The court must determine whether the conclusions reached by the agency are supported by the record. Primerica v. Planning ZoningCommission, supra, 211 Conn. 96.
V. DISCUSSION
Sacred Heart argues that the board's denial of its application was arbitrary, illegal and an abuse of discretion because the board based its denial on a consideration that is not set forth in the Bridgeport zoning regulations. The defendant counters that it acted lawfully and within its discretion by denying the application on the ground that the plaintiff had not yet received inland wetlands approval for the proposed development.
The 5252 Park Avenue property is located within a Residence A Zone. The Residence A Zone regulations are set forth in Chapter 4 of the Bridgeport Zoning Regulations (regulations). Chapter 4, § 2(e) of the regulations provides that "colleges or CT Page 1509 universities, including such buildings and educational uses as are clearly incident to the conduct of a college or university" are permitted uses within a Residence A Zone. Chapter 4, § 3 of the Regulations further provides that "[n]o hospital, university or college building shall exceed ten stories or 120 feet in height. If any college or university building shall exceed four stories in height, it shall be located in accordance with front side and rear set back requirements as set specified in Chapter 7 of these Regulations."[2] Chapter 7, § 8 requires in part that "each building shall set back not less than 40 feet from the street upon which such building fronts." Chapter 7, § 9 provides that "[t]he minimum width of each side yard shall be 35 feet and the minimum depth of the rear yard shall be 30 feet." Additionally, Chapter 16, § 3(j) of the regulations requires that "[f]or each college or university dormitory, 150 feet of parking space for every three bedrooms." Essentially, the plaintiff argues that in 1995 such buildings were permitted in Residence A Zones, that its application satisfied the pertinent regulations and the board illegally denied its application.
Chapter 22 of the regulations is entitled Certificate of Zoning Compliance. Chapter 22, § 1 of the regulations provides in part that "no building or structure hereafter erected . . . shall be occupied or used for any purpose whatsoever unless and until a certificate of Zoning Compliance shall have been issued as hereinafter provided stating that said land, building or structure and the use to be made thereof comply in all respects with the provisions of these regulations." (Emphasis added.) Chapter 22, § 5 of the regulations provides in part: "If it shall be determined that said building, structure and premises, and uses to be made thereof, comply with the requirements ofthese regulations, a written Certificate of Zoning Compliance shall thereupon be issued by the Zoning Enforcement Officers." (Emphasis added.) Chapter 26 of the Regulations provides in pertinent part: "The words these regulations' shall be deemed to refer to the Zoning Regulations of the City of Bridgeport herein contained . . . ."
"If the application requests approval of a permitted use and the setback and similar provisions in the zoning regulations are met, the zoning enforcement officer has no discretion and must issue the zoning permit." R. Fuller, 9 Connecticut Practice Series: Land Use Law and Practice (1993) § 6.6. "If an application conforms to the standards set forth in the regulations, the enforcement officer has no discretion and must CT Page 1510 issue the certificate. It is clearly a ministerial function. . . ."Langer v. Planning Zoning Commission, 163 Conn. 453,456, 313 A.2d 44 (1972); see Feola v. Zoning Board of Appeals, Superior Court, judicial district Danbury, Docket No. 324189 (May 14, 1997) (Mihalakos, J.); Golden Arch LTD. v. Town Plan Zoning Commission, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 325547 (March 15, 1997) (Levin, J.) ("The issuance of a certificate of zoning compliance tends to be a ministerial function . . . ."). It is therefore the court's conclusion that a zoning enforcement officer and a zoning board may only deny a certificate for zoning compliance when the application fails to satisfy the actual regulations.
In the present case, a review of the record reveals that the proposed use of 5252 Park Avenue for a university dormitory and residence hall was explicitly permitted under Chapter 4, § 2(e) of the Regulations. (ROR, Items 1F 2A.) A further review of the record reveals that the proposed university building appears to meet the height and setback requirements specified in the Regulations. (ROR, Items 1F 2A.) The board, however, denied Sacred Heart's application for a certificate of zoning compliance not because the application putatively failed to satisfy the regulations, but because Sacred Heart did not obtain inland wetland approval of its proposed development as required by the 1995 subdivision approval. Although the record clearly indicates that such a condition was attached to the 1995 subdivision approval, such condition is not set forth in the regulations. (ROR, Items 1F 1K.)[3] Indeed, it is the court's conclusion that such a condition exists outside of, and separate from, the regulations. Accordingly, the board impermissibly relied on the 1995 subdivision condition as grounds for denying Sacred Heart's application for a certificate of zoning compliance. Accordingly, the board acted illegally, arbitrarily and in abuse of its discretion when it denied Sacred Heart's application.
The board also argues that General Statutes § 8-3 (g) requires that Sacred Heart obtain inland wetlands approval prior to receiving a certificate of zoning compliance. General Statutes § 8-3 (g) provides in part "[t]he zoning regulations may require that a site plan be filed with the commission or other municipal agency or official to aid in determining the conformity of a proposed building, use or structure with specific provisions of such regulations. If a site plan application involves an activity regulated pursuant to sections CT Page 151122a-36 to 22a-45, inclusive, the applicant shall submit an application for a permit to the agency responsible for administration of the inland wetlands regulations not later than the day such application is filed with the zoning commission. The decision of the zoning commission shall not be rendered on the site plan application until the inland wetlands agency has submitted a report with its final decision. In making its decision the zoning commission shall give due consideration to the report of the inland wetlands agency."
Chapter 22 of the regulations does not require a site plan. (ROR, Item 2A.) Rather, Chapter 22, § 7 of the regulations provides in part that "[e]ach application for a . . . Certificate of Zoning Compliance shall be accompanied by a plot plan in duplicate which shall be drawn to scale and which will show the actual dimensions of the lot to be built upon, the size of the building to be erected, the location of the building upon the lot, the dimensions of all open spaces and such other information as may be required by the Zoning Enforcement Officers to indicate compliance with these regulations and to aid them in the enforcement thereof." (Emphasis Added.) A plot plan and a site plan are neither synonymous nor interchangeable terms. King v. Zoning Board, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 387361 (March 19, 1992) (Dunnell, J.) Accordingly, the court concludes that the regulations did not require a site plan application, and therefore, inland wetlands approval was not a prerequisite for a certificate of zoning compliance.
VI. CONCLUSION
Based upon all of the foregoing, the court sustains Sacred Heart's appeal.
Judgment shall enter for the plaintiff.
COCCO, JUDGE