[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Thomaston Savings Bank, appeals from the decision of the defendant, the Zoning Commission of the City of Waterbury, denying the plaintiff's application for a zone change. By application dated September 16, 1998, the plaintiff, Thomaston Savings Bank (Thomaston), submitted a request for a change of zone from "RL" to "RO" for the parcel known as 985 Watertown Avenue, Waterbury, Connecticut (parcel) to the defendant, the Zoning Commission of the City of Waterbury (Commission). (Return of Record [ROR], Exh. 1). Thomaston seeks the change of zone in order to construct a bank on the parcel. (ROR, Exh. 3-a).
Thomaston's application was referred to the city planning commission for the city of Waterbury, which voted 2 to 1 on October 13, 1998, to recommend that the zoning commission approve Thomaston's application. (ROR, Exh. 6b).
A public hearing on the application, scheduled on November 19, 1998, was continued until December 17, 1998, at the request of the zoning commission. (ROR, Exh. 3-a). On December 17, 1998, the public hearing was closed on Thomaston's petition. (ROR, Exh. 3-b). The application was scheduled for a vote on January 21, 1999, because the zoning commission believed that it was unable to vote on December 17, 1998. (ROR, Exh. 3-b). The zoning commission believed that it did not have a quorum because only CT Page 2634 three members were present, one of whom recused himself. (ROR, Exh. 3-b). The application was continued until February 18, 1999. (Answer, ¶ 6). Thomaston agreed to give the zoning commission an extension until midnight, February 25, 1999, to conclude the vote on the application, and the zoning commission voted unanimously in favor of this extension. (ROR, Exh. 3-c). At the special meeting held on February 25, 1999, two members of the zoning commission voted in favor of the petition, and Commissioner Goldberg abstained from voting. (ROR, Exh. 3-d). Nevertheless, the zoning commission, with Commissioner Goldberg as acting chairman, found that Thomaston's motion for a change of zone from "RL" to "RO" failed because the motion did not have the minimum three affirmative votes that is required to approve a zone change. (ROR, Exh. 3-d). Thomaston now appeals from the zoning commission's decision to the Superior Court.[1]
 JURISDICTION
General Statutes § 8-8 governs appeals taken from the decision of a zoning commission to the Superior Court. "[A] statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created. . . . [Such] provisions are mandatory, and, if not complied with, the appeal is subject to dismissal." Simko v.Zoning Board of Appeals, 206 Conn. 374, 377, 538 A.2d 202 (1988).
Aggrievement
"[P]leading and proof of aggrievement are prerequisites to a trial court's jurisdiction over the subject matter of a plaintiff's appeal." Jolly, Inc. v. Zoning Board of Appeals,237 Conn. 184, 192, 676 A.2d 831 (1996).
Thomaston alleges that it is aggrieved as the applicant and as a contract purchaser of the subject property. (Appeal, 1 and 26). "The interest which supports aggrievement need not necessarily be an ownership interest in real property." R. Fuller, 9A Connecticut Practice Series: Land Use Law and Practice 2 Ed. (1999) 32.5, p. 538. "[A] contract purchaser of real property, such as this plaintiff, has sufficient interest in the property to have standing to apply for a special exception or zoning variance." (Citations omitted.) Shapero v. Zoning Board ofStamford, 192 Conn. 367, 376, 472 A.2d 345 (1984).
An agreement to sell and purchase real estate between Thomaston CT Page 2635 and Paul and David Kalinowski, a contract for sale and purchase of real estate signed by Thomaston, a modification of this real estate contract, and the warranty deed of title of Paul Kalinowski for the Parcel has been provided by Thomaston, (11/2/99, Plaintiff's Exh. A-D), from which the court finds that Thomaston is aggrieved.
Timeliness and Service of Process
General Statutes § 8-8 (b) provides, in part, that an "appeal shall be commenced by service of process in accordance with subsections (e) and (f) of this section within fifteen days from the date that notice of the decision was published as required by the general statutes." Furthermore, subsection (e) provides that "service shall be directed to a proper officer and shall be made by leaving a true and attested copy of the process with, or at the usual place of abode of, the chairman or clerk of the board, and by leaving a true and attested copy with the clerk of the municipality."
On March 3, 1999, the zoning commission published in the Waterbury Republican and American that Thomaston's petition requesting a zone change was voted to approve, yet the motion failed, at the special meeting. (ROR, Exh. 5-a). On March 5, 1999, this appeal was commenced by service of process on the city clerk of Waterbury and upon the acting chairman of the zoning commission. (Sheriff's Return). The court finds the appeal was commenced in a timely manner by service of process on the proper parties.
"[A] local zoning authority, in enacting or amending its regulations, acts in a legislative rather than an administrative capacity." Parks v. Planning Zoning Commission, 178 Conn. 657,660, 425 A.2d 100 (1979); see also West Hartford InterfaithCoalition, Inc. v. Town Council, 228 Conn. 498, 505 n. 10,636 A.2d 1342 (1994). A zoning commission is given "wide and liberal" discretion when acting in a legislative capacity. ProtectHamden/North Haven from Excessive Traffic Pollution, Inc. v.Planning Zoning Commission, 220 Conn. 527, 543, 600 A.2d 757
(1991). "This broad legislative discretion applicable to the approval of a zone change is equally applicable to the denial of a requested zone change, and will not be disturbed on appeal unless the zoning authority has acted illegally or arbitrarily and has thus abused the discretion vested in it." HomartDevelopment Co. v. Planning Zoning Commission, CT Page 263626 Conn. App. 212, 216-17, 600 A.2d 13 (1991).
Furthermore, when a zoning decision is appealed, "it is not the function of the court to retry the case. Conclusions reached by [a zoning] commission must be upheld by the trial court if they are reasonably supported by the record. The credibility of the witnesses and the determination of issues of fact are matters solely within the province of the [commission] . . . . The question is not whether the trial court would have reached the same conclusion, but whether the record before the [commission] supports the decision reached." (Citations omitted; internal, quotation marks omitted.) West Hartford Interfaith Coalition,Inc. v. Town Council, supra, 228 Conn. 512-13.
The first issue to be decided is the validity of the zoning commission's vote at the special meeting. During this meeting, three commissioners were present, two of whom voted in favor of the application, and one of whom abstained from voting. (ROR, Exh. 3-d). Nevertheless, the zoning commission ruled that the application failed. (ROR, Exh. 3-d). The plaintiff appeals on the grounds that the zoning commission acted illegally, arbitrarily, and in abuse of its discretion in that it conducted a meeting which was presided over by a commissioner who recused himself; (Appeal, ¶ 27(a)); and conducted a meeting and took a vote when no quorum was present; (Appeal, ¶ 27(b), (c)); or, if a quorum actually existed, the ruling on the effect of the vote was erroneous in that a majority of the eligible voting members voted in the affirmative. (Appeal, ¶ 27(d)).
Thomaston argues that a quorum of the zoning commission members was not present at the special meeting. (Appeal, ¶ 27(b), (c)). In support of its argument, Thomaston asserts that the Waterbury city clerk cancelled the voted scheduled for the regular meetings on January 21, 1999, and February 18, 1999, and raises the question that if "three commissioners did not constitute a quorum for the two regular meetings that were cancelled, how could they be a quorum for the special meeting that was actually held?" (Thomaston's Brief, p. 6). The zoning commission responds that a quorum was present at the special meeting, and that it therefore rendered a valid decision on Thomaston's application. (Commission's Amended Brief, p. 4).
"A quorum is the minimum number of members of a body required to be present for the body to transact business, and is usually a majority unless a different number is expressly prescribed." R. CT Page 2637 Fuller, 9 Connecticut Practice Series: Land Use Law and Practice (1999) § 21.3, p. 449; see also Elections Review Committee ofthe Eighth Utility District v. Freedom of Information Commission,219 Conn. 685, 696 n. 12, 595 A.2d 313 (1991). Moreover, "[a]lthough vacancies occur by death or resignation, if a majority survives or remains there is a sufficient number to constitute a quorum, otherwise, there is not." Ghent v. ZoningCommission, 220 Conn. 584, 598, 600 A.2d 1010 (1991). General Statutes § 8-3 (b) provides that regulations and boundaries of zoning districts "shall be established, changed or repealed only by a majority vote of all the members of the zoning commission, except as otherwise provided in this chapter." "Accordingly, if a quorum is present, the commission can conduct business, but a majority of the quorum would not be sufficient to pass the zone change, and a majority of all the members of the commission would be required . . . ." R. Fuller, supra, p. 375. Moreover, "[w]here an affirmative vote of a specific number of agency members is required by statute . . . abstentions are not counted as voting with the majority." Id., pp. 449-50.
In the instant case, the zoning commission consists of five members. (ROR, 7-a). A majority of the zoning commission is required to pass a zone change. General Statutes § 8-3 (b). Three members of the zoning commission were present at the special meeting, only two of whom could vote on the application. (ROR, 3-d). The only business to be transacted at the special meeting was the zone change application, and Commissioner Goldberg, the acting chairman, had previously recused himself from voting on this zone change application. Because there were only two commissioners who were eligible to vote affirmatively, and three affirmative votes is the minimum number required to pass a zone change, the zoning commission was unable to transact its business at the special meeting. This court, therefore, finds that the zoning commission did not render a valid decision at the special meeting.
The court does not address a further argument advanced by the plaintiff that the vote at the special meeting was tainted because Commissioner Goldberg, who had claimed a conflict of interest and abstained from voting, made a ruling on the legal issue addressing the vote. (Thomaston's Brief, p. 8). A majority of the zoning commission did not exist at the special meeting without the vote of the disqualified chairman. Consequently, this court reiterates that the zoning commission's vote at the special meeting was invalid. CT Page 2638
The court also will not consider Thomaston's argument that the vote at the special meeting was erroneous in that a majority of the eligible voting members voted in the affirmative, (Appeal, ¶ 27(d)), because the court finds that the vote was invalid.
Because the zoning commission did not render a valid decision at the special meeting, the second issue to be decided is whether the application is automatically approved because the zoning commission did not render a decision within 65 days of the petition pursuant to General Statutes § 8-7d (a).[2]
Thomaston argues that there was no quorum for the subject vote being taken, and as a consequence the plaintiff's application was automatically approved. "[U]nlike General Statutes § 8-26
governing subdivision applications, § 8-7d (a) does not expressly provide for automatic approval where a decision is not made within sixty-five days of any extension." Massimo v.Planning Commission of the Town of Naugatuck, 41 Conn. Sup. 196,207, 564 A.2d 1075 (1989).
Automatic approval is granted where zoning boards act in their administrative capacity, such as in approval of site plans, rather than with zone changes, where the boards act in their legislative capacity. Coastal Suburban v. Planning Zoning,2 Conn. App. 489, 492-93, 479 A.2d 1239 (1984). "Both site plans and subdivisions involve land use approvals where the commission acts in an administrative capacity, and the applicant requests a use which is expressly permitted and which must be granted if the application submitted conforms to the commission's existing regulations . . . Unlike the site plan and subdivision statutes, neither section 8-3c which governs special permits nor section8-3 (c) which covers petitions for a change in zoning regulations or the boundaries of zoning districts states that there is inferred or automatic approval if the commission fails to hold a public hearing within the statutory time limits in section 8-7d." (Citations omitted; internal quotation marks omitted.) HousatonicCorporate Centre Associates Ltd. Partnership v. Planning andZoning Board of the City of Milford, Superior Court, judicial district of Milford, Docket No. 025621 (May 31, 1990, Fuller, J.) (1 Conn. L. Rptr. 690). Zone changes are automatically approved when they are inseparable from a site plan, which is subject to automatic approval. See SSM Associates Ltd. Partnership v.Planning Zoning Commission, 211 Conn. 331, 559 A.2d 196 (1989) (The automatic approval of a site plan when a zoning commission failed to act within sixty-five days pursuant to General Statutes CT Page 2639 § 8-7d (b) also resulted in automatic approval of the special permit zoning application because the site plan was inseparable from the zoning application).
Yet, "[w]here the board is engaging in an administrative function and need only determine whether the applicant has met the specific standards set forth in the regulations, the imposition of automatic approval upon the board's failure to act within the statutorily determined time is reasonable and rational. Where the board is acting in its legislative capacity and lawfully exercising its broad discretion, however, an automatic approval of an application for newly proposed legislation, merely because of the passage of time, would constitute an unwarranted diminution of the board's ability to function as a legislative body. For these reasons . . . the trial court . . . [would not err] in holding that the plaintiffs were not entitled to an automatic change of zone." Coastal Suburban v.Planning Zoning, supra, 2 Conn. App. 493; see also HousatonicCorporate Centre Associates Ltd. Partnership v. Planning andZoning Board of the City of Milford, supra, 1 Conn. L. Rptr. 685. In this instance, the zoning commission scheduled the special meeting to vote on the plaintiff's zone change application, (ROR, 3-d), which requires the zoning commission to act in its legislative capacity. Thus, the court finds that the sixty-five day period within which to make a decision on a zone change application pursuant to General Statutes § 8-7d (a) is directory and not mandatory, and therefore, does not result in automatic approval of the application.
Accordingly, the court finds that the zoning commission did not properly vote at the special meeting, and therefore, did not render a valid decision at this special meeting. Nevertheless, the court also finds that the application was not automatically approved. For the reasons set forth above, the plaintiff's appeal to this court is sustained. The case is remanded to the zoning commission and the zoning commission is ordered to reconsider the plaintiff's petition to the board at a properly noticed and attended meeting.
Sandra Vilardi Leheny, J.